E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (JTLx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | *Jim Brown v. Brett Brewer, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: Plaintiff's Motion For Class Certification[130]

This matter is before the Court on Plaintiff Jim Brown's Motion for Class Certification ("Motion"). We have read and considered the papers filed in support of and opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. The parties are familiar with the facts in the current action. Thus, we will not repeat any facts except as necessary. Accordingly, we rule as follows:

**I.    Class Definition**

Plaintiff seeks to certify the following class:

All holders of Intermix Media, Inc. ("Intermix" or the "Company") common stock, from July 18, 2005 through the consummation of the sale of Intermix to News Corporation ("News Corp") at the price of $12.00 per share on September 30, 2005 (the "Acquisition"), who were harmed by defendants' improper conduct at issue in the litigation. Excluded from the Class are defendants and any person, firm, trust, corporation or other entity related to or affiliated with any defendant.

**II.   Certification Requirements**

A motion for class certification is governed by the requirements of Rule 23 of the Federal Rules of Civil Procedure. In determining whether to certify the class, we must take the substantive allegations of the complaint as true. *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). However, we may look beyond the pleadings at the substantive claims of the parties to decide whether the criteria of Rule 23 have been met.

Federal Rule of Civil Procedure 23(a) imposes four prerequisites for a proper class action:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2)

Case 2:06-cv-03731-GHK -SH Document 188 Filed 05/29/09 Page 2 of 7 Page ID #:2707

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (JTLx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | *Jim Brown v. Brett Brewer, et al.* | | |

there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In addition to satisfying the prerequisites set forth in Rule 23(a), a party seeking certification must satisfy one of three conditions set forth in Rule 23(b). Here, Plaintiff seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**A.    23(a) Factors: Numerosity, Commonality, Typicality and Adequacy**

1.    Numerosity

Numerosity examines "only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964). There is no numerical cut-off to compel or preclude certification; the specific facts of the case must be examined. *General Tel. Co. v. E.E.O.C.*, 446 U.S. 318, 330 (1980). Here, we find that Plaintiffs have met the numerosity requirement.[1]

2.    Commonality

Rule 23(a)(2) requires that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "'All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.'" *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Courts have found that this element can be met by raising a single common issue that is central to the class. *See Slaven v. BP America, Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000).

Plaintiff has identified numerous questions of law and fact that are common to the class, and we therefore find that the commonality requirement has been satisfied.

3.    Typicality

As to typicality, a named plaintiff's claims are typical if they arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and are based on the same legal or remedial theory. *See generally* Newberg on Class Actions , § 3:13 (4th ed. 2008).

---

[1] Defendants do not dispute that numerosity exists.

Case 2:06-cv-03731-GHK -SH   Document 188   Filed 05/29/09   Page 3 of 7   Page ID #:2708

E-Filed
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (JTLx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | *Jim Brown v. Brett Brewer, et al.* | | |

"[U]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007) (internal citations omitted). Here, if Plaintiff is subject to unique defenses, Plaintiff may not be typical. Although "Defendants need not show that these defenses will necessarily succeed," we should not certify the class if Plaintiff's atypical defenses "will shape the focus of litigation in a way that may harm class members and ultimately risk the class' chance of recovery." *See Schaefer v. Overland Exp. Family of Funds*, 169 F.R.D. 124, 129 (S.D. Cal. 1996); *see* Moore's Federal Practice § 23.24 (3d ed. 2007).

Defendants argue that Plaintiff's claims are atypical because Plaintiff is subject to the unique defenses of causation, res judicata, and collateral estoppel. Each of Defendants' arguments fails. First, as to causation, we rejected Defendants' argument that Plaintiff cannot satisfy causation because he did not read the 2005 Proxy Statement or rely on its alleged misrepresentations. We have already rejected this argument in our July 14, 2008 Order re: Defendant's Motion to Dismiss. Furthermore, Plaintiff is not subject to the unique defense of causation as it relates to his state law fiduciary duty claims. *Malone v. Brincat,* 722 A.2d 5, 12 (Del. 1998) ("An action for a breach of fiduciary duty arising out of disclosure violations in connection with a request for stockholder action does not include the elements of reliance, causation and actual quantifiable monetary damages. Instead, such actions require the challenged disclosure to have a connection to the request for shareholder action. The essential inquiry in such an action is whether the alleged omission or misrepresentation is material. Materiality is determined with respect to the shareholder action being sought."); *see also Alessi v. Beracha*, 849 A.2d 939, 943–44 (Del. Ch. 2004).

Second, as to preclusion, Plaintiff is not subject to any unique preclusion defenses because he is not in privity with the plaintiffs in the state court action.[2] The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Gikas v. Zolin*, 6 Cal. 4th 841, 849 (1993). Here, Plaintiff was not a party to the state court action, so any defense that would make Plaintiff atypical must be based upon the concept of privity. *See Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App. 4th 82, 90 (2006).

The concept of privity refers "to a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights and, more recently, to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application" of preclusion. *Citizens for*

---

[2] Although Plaintiff argued that he was also not subject to preclusion because the state action was not yet final for preclusion purposes, we take judicial notice of the fact that since the filing of this Motion, the California Supreme Court has denied review of the state court action. Accordingly, the state court action is final for preclusion purposes at this time. *See Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 532 (2008) (holding that a judgment does not have preclusive effect until it is no longer subject to direct attack).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (JTLx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | *Jim Brown v. Brett Brewer, et al.* | | |

*Open Access to Sand and Tide, Inc. v. Seadrift Ass'n.*, 60 Cal. App. 4th 1053, 1069-1070 (1998).[3] Even if these threshold requirements are satisfied, the doctrine will not be applied if such application would not serve its underlying fundamental principles. *Zolin*, 6 Cal. 4th at 849. "A party is adequately represented for purposes of the privity rule if his or her interests are so similar to a party's interest that the latter was the former's virtual representative in the earlier action. We measure the adequacy of representation by inference, examining whether the party in the suit which is asserted to have a preclusive effect had the same interest as the party to be precluded, and whether that party had a strong motive to assert that interest." *Rodgers*, 136 Cal. App. 4th at 91 (citations omitted). The party to be precluded "must have had an identity or community of interest with, and adequate representation by, the losing party in the first action *as well as that the circumstances must have been such that the party to be [precluded] should reasonably have expected to be bound by the prior adjudication.*" *Sutton v. Golden Gate Bridge, Highway & Transp. Dist.*, 68 Cal. App. 4th 1149, 1155 (1998) (emphasis added). As stated in *Rodgers*,

> A nonparty should reasonably be expected to be bound if he had in reality contested the prior action even if he did not make a formal appearance, for example, by controlling it. Furthermore, privity appertains against one who did not actually appear in the prior action where the unsuccessful party in the first action might fairly be treated as acting in a representative capacity for a nonparty.

*Rodgers*, 136 Cal. App. 4th at 92 (citations omitted.

    No such privity exists here between Plaintiff and the plaintiffs in the state court action. Plaintiff's only similarity to the previous plaintiffs in the state court action is that they were all shareholders in the same company, and they have the same lawyers. Contrary to Defendants' assertions, when considering whether privity exists, we do not consider whether a subsequent Plaintiff simply has the same counsel as prior plaintiffs. *Id.* at 93–94 ("To find that an identity of attorneys presenting the same issue on behalf of different parties results in issue preclusion would promote attorney shopping, and tend to prevent parties from obtaining representation by chosen counsel familiar with an issue or matter in litigation. And to impose issue or claim preclusion essentially on the basis of prior adjudication of an identical issue would ignore the identity-of-parties requirement of collateral estoppel that is predicated upon due process principles."). Plaintiff in no way controlled the state court litigation, and plaintiffs in the state court litigation were not Plaintiff's representative in any way. We therefore find that there is not a sufficiently close relationship between Plaintiff and the plaintiffs in the state court action for privity to exist. *See Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 298-299 (2004) ("We discern no basis for concluding Vega 'should reasonably have expected to be bound by' the adjudication of lawsuits in which he did not participate in any way, in which he had no proprietary or financial interest, and over which he had no control of any sort."). Accordingly, Plaintiff is not subject to any unique preclusion defenses which would make him atypical, and such defenses

---

[3] When analyzing either "res judicata" or "collateral estoppel" the privity framework is the same. *Citizens for Open Access to Sand and Tide, Inc.*, 60 Cal. App. 4th at 1069.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (JTLx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | *Jim Brown v. Brett Brewer, et al.* | | |

would not shift the focus of the present litigation. Therefore, Plaintiff has satisfied the typicality requirement.

       4.      Adequacy of Representation

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). We examine whether: (1) the proposed class representative Plaintiff has any conflicts of interest with the proposed class, and (2) the class is represented by qualified and competent counsel. *See Hanlon*, 150 F.3d at 1020; *Dukes*, 509 F.3d at 1185. Here, Defendants argue that Plaintiff is not an adequate representative because he lacks sufficient knowledge of this case and he lacks credibility.[4]

A party who is not familiar with the basic elements of his claims is not considered to be an adequate representative for the class because there is no sense that there is an actual party behind counsel's prosecution of the action. *Burkhalter Travel Agency v. MacFarms Intern., Inc.*, 141 F.R.D. 144, 153 (N.D. Cal. 1991). A plaintiff is an inadequate representative where he is so unfamiliar with the case that he will not serve the necessary role of "check[ing] the otherwise unfettered discretion of counsel in prosecuting the suit." *Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D. Cal. 1994) (citations omitted); *see also Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 61 (2d Cir. 2000) ("[C]lass representative status may properly be denied 'where the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys.'"). In considering the involvement and knowledge of a prospective class representative, "[t]he Court must feel certain that the class representative will discharge his fiduciary obligations by fairly and adequately protecting the interests of the class." *Koenig v. Benson*, 117 F.R.D. 330, 333–34 (E.D.N.Y. 1987).

A careful review of Plaintiff's deposition testimony makes clear that although Plaintiff could not remember some key elements of his case, he had a very thorough understanding of the nature of this litigation and his role as class representative. Plaintiff states that he has reviewed the various operative complaints, as well as memos written by his attorneys. (Brown Decl 9:10-14.) He has spoken to his lawyers in person three times, and on the phone 8–10 times. (*Id.* 25:10-17.) He understands the wrongdoing he is accusing defendants of–including guarantees of employment at NewsCorp, the dropping of litigation against individuals as a result of the sale, and various other representations that were not reflected in the sales proxy. (*Id.* 46-47.) Furthermore, Plaintiff understands that the class consists of shareholders of Intermix stock. (*Id.* 37:9-12.) He explained his role as class representative as having knowledge of the case, supervising and remaining comfortable with counsel's performance in the case, making sure that the litigation is moving along, and making sure that any ultimate recovery "is a fair recovery for the class." (*Id.* 36:15-25, 98:15-24.) Based on these representations, as well as

---

[4] Defendants do not dispute that class counsel is qualified and competent. We agree, and find that the class would be represented by qualified and competent counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (JTLx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | *Jim Brown v. Brett Brewer, et al.* | | |

others Plaintiff made during his deposition, we find that Plaintiff has enough knowledge of the case that he will adequately perform the role of class representative.[5]

We also reject Defendants' argument that Plaintiff lacks credibility. Defendants claim that Plaintiff misrepresented the amount of time he had spent on the case. However, even a cursory review of the record reveals that Plaintiff only changed his answer for how long he worked on this case in response to Defendants' questions that narrowed the definition of what counts as work on the case. (Brown Decl. 40:9-43:5.) Moreover, Defendants argue that Plaintiff lacks credibility because he would not dismiss this action if material allegations were inaccurate. (*Id.* 109:17–110:13.) A perfectly plausible interpretation of Plaintiff's statements, however, is that he doesn't know what his options would be if something material in the Consolidated Second Amended Complaint was inaccurate, but that he wouldn't outright dismiss the case. For example, he may want to just amend the pleading to correct the error. Nothing in the record shows Plaintiff is so lacking in credibility as to justify a finding of inadequate representation.

For the foregoing reasons, we find that Plaintiff has satisfied the adequacy of representation requirement.

**B.    Rule 23(b)**

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). After review, we determine that questions of law or fact common to the class members predominate over questions affecting only individual class members. We also find that certifying a class in this instance is a superior method of adjudicating the controversy.

**III.   Class Redefinition**

Defendants request two re-definitions to the current proposed class definition.

---

[5] Defendants also cry foul because Plaintiff's counsel provided Plaintiff with a nine page memorandum outlining the facts and procedural history of the case, as well as Plaintiff's role as class representative. Defendants, however, have provided no caselaw for the proposition that it is inappropriate for counsel to provide a class representative a summary of a case and the representative's duties. In fact, such a memorandum seems like an appropriate document class counsel would provide a plaintiff representative. Although it is true that Plaintiff should not obtain all of his knowledge of the case from his counsel, *see Berger v. Compaq Computer Corp.*, 257 F.3d 475, 483 n.18 (5th Cir. 2001); *Kelley v. Mid-America Racing Stables Inc*, 139 F.R.D. 405, 409–11 (W.D. Okla. 1990), Defendants have made no showing that Plaintiff relied solely on his counsel for all of his knowledge of the case. Simply because Plaintiff referred to the nine page memorandum to refresh his recollection at his deposition in no way suggests that he did not have independent knowledge of the facts in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (JTLx) | Date | May 29, 2009 |
|---|---|---|---|
| Title | *Jim Brown v. Brett Brewer, et al.* | | |

    First, Defendants request that we modify the current class definition so that it reads: "All holders of Intermix Media, Inc. . . . *who held Intermix common stock continuously* from July 18, 2005 through the consummation of the sale of Intermix to News Corporation . . . on September 30, 2005." (italics for proposed modifications).  Plaintiff, in his Reply, did not address this requested modification.  Plaintiff **SHALL** respond specifically to this requested re-definition **within TEN (10) DAYS** hereof in 3 pages or less.

    Second, Defendants argue that the named plaintiffs in the state court action should be carved out of the class definition.  Now that the state court action is final, Plaintiff **SHALL** address specifically why these state court plaintiffs should not be carved out as part of any class definition.  Plaintiff **SHALL** do so in **3 pages or less within TEN (10) DAYS** hereof.
//
//
//

### IV. Conclusion

    Although we tentatively **GRANT** Plaintiff's Motion for Class Certification, we do not certify a class at this time pending consideration of the required further responses from Plaintiff.

    **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |