1   COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2   DARREN J. ROBBINS (168593)
    RANDALL J. BARON (150796)
3   DAVID T. WISSBROECKER (243867)
    655 West Broadway, Suite 1900
4   San Diego, CA  92101
    Telephone:  619/231-1058
5   619/231-7423 (fax)
    darrenr@csgrr.com
6   randyb@csgrr.com
    dwissbroecker@csgrr.com
7
    Lead Counsel for Plaintiff
8
    [Additional counsel appear on signature page.]
9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11
                           WESTERN DIVISION
12
    JIM BROWN, Individually and On          )   No. CV-06-03731-GHK(JTLx)
13  Behalf of All Others Similarly Situated, )
                                            )   CLASS ACTION
14                          Plaintiff,       )
                                            )   PLAINTIFF'S RESPONSE TO THE
15          vs.                              )   COURT'S ORDER RE: PLAINTIFF'S
                                            )   MOTION FOR CLASS
16  BRETT C. BREWER, et al.,                 )   CERTIFICATION
                                            )
17                          Defendants.      )
    _____ )
18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff responds herein to both questions raised by the Court in its Order re:
2    Plaintiff's Motion for Class Certification: (1) should the class definition be modified
3    to include only holders of Intermix Media, Inc. common stock who held continuously
4    from July 18, 2005 (the date the merger with News Corporation was announced)
5    through the consummation of the merger on September 30, 2005; and (2) should the
6    plaintiffs in the state court actions be carved out of the class definition?  As set forth
7    below, the answer to both questions is no.

8    **I.    THE CLASS DEFINITION SHOULD NOT BE MODIFIED**

9    Defendants suggest that the Court modify the proposed class definition, but do
10   not explain to the Court why any revision is necessary, or why the definition they have
11   arbitrarily selected is ever appropriate for a class action like this one.  In fact, contrary
12   to defendants' unsupported position, the class definition proposed by plaintiff is the
13   typical formulation for breach of fiduciary duty actions under Delaware law brought
14   in connection with merger and acquisition transactions (like this one), and for the
15   reasons discussed below should be employed by the Court here for both the breach of
16   fiduciary duty claims and the federal proxy claim.

17   In merger litigation, classes are typically broadly defined to include all
18   shareholders during the pendency of a merger transaction.  That formulation is often
19   described as "persons who held shares as of the date of the transaction was announced
20   and their transferees, successors and assigns."  *In re Prodigy Commc'ns Corp.*
21   *S'holders Litig.*, No. 19113, 2002 Del. Ch. LEXIS 95, at *12 (Del. Ch. July 26, 2002);
22   *see also In re Philadelphia Stock Exchange, Inc.*, 945 A.2d 1123, 1139 (Del. 2008)
23   ("We start with the proposition that it is commonplace for a certified class to include
24   persons who held shares as of a given date, 'and their transferees, successors, and
25   assigns.'"); *In re Freeport McMoran Sulphur, Inc., Inc. S'holder Litig.*, No. 16729-
26
27
28

1  NC, Transcript at 3-4, 10 (Del. Ch. Jan. 13, 2005) (Lamb, V.C.)[1] (stating that a class

2  definition consisting of those parties who held on the date of the announcement of a

3  transaction and their transferees, successors and assigns is the same definition that has

4  been used for decades).  Who then gets to benefit from any recovery is a question of

5  allocation among class members, not the definition of the class itself.  *See*

6  *Philadelphia Stock Exchange*, 945 A.2d at 1141-42.

7       This commonly-used formulation makes sense in the context of actions like this

8  because, as the Court has already held, proposed class members are not subject to

9  vague defenses "of reliance, causation and actual quantifiable monetary damages."

10  Order at 3.  The relevant issue is not shareholder action or inaction resulting from

11  defendants' conduct, but rather whether defendants engaged in misconduct in

12  connection with the merger via which shareholders were ultimately harmed.  *See*

13  Order at 3 (citing *Malone v. Brincat*, 722 A.2d 5, 12 (Del. 1998)); *see also Emerald*

14  *Partners v. Berlin*, No. 9700, 1991 Del. Ch. LEXIS 189, at *9 (Del. Ch. Nov. 15,

15  1991) ("There are . . . issues regarding the structure of the merger that, regardless of

16  the date a stockholder acquired his stock, are common to all minority stockholders

17  who held their stock on the date the merger was completed."); *cf. Turner v. Bernstein*,

18  768 A.2d 24, 31 (Del. Ch. 2000) ("In this case, (1) the defendant-directors either did

19  or did not breach their fiduciary dut[ies] . . . to all or none of the . . . stockholders . . . ;

20  (2) if the defendant-directors did commit such a breach . . . there is no requirement

21  that any [stockholders] . . . have actually relied upon such breach in order to benefit

22  from a remedy; and (3) thus any monetary remedy . . . will be calculated on a per

23  share, rather than per shareholder, basis.").

24       All shareholders who held shares at anytime through the date the merger was

25  consummated are victims of defendants' misconduct – whether they held their shares

26

27  [1]     Attached hereto as Exhibit A.

28

1  on the date the merger was announced or acquired their shares after that point.  Each
2  of these shareholders was equally deceived by defendants' misstatements,
3  misrepresentations and harmed by defendants' failure to secure the best price possible
4  for shareholders.  That some of these shareholders may be entitled to a recovery while
5  others may not, in the allocation process, does not alter who was harmed.  *See*
6  *Philadelphia Stock Exchange*, 945 A.2d at 1141-42.

7      For the §14(a) claims, the same underlying rationale pertains – reliance and
8  causation are not issues that burden individual class members.  And while there is
9  some authority for the proposition that §14(a) classes are limited to shareholders who
10  held on the record date (*see In re AOL Time Warner Sec. & ERISA Litig.*, 381 F. Supp.
11  2d 192, 241 (S.D.N.Y. 2004)), because the breach of fiduciary duty class is broader,
12  there is no reason to narrow the class definition at this time.  Again, once the trier of
13  fact determines the bases for liability and the measure of damages, as between breach
14  of fiduciary duty and/or §14(a) claims, what each class member may recover will
15  simply be a matter for the plan of allocation.

16      Importantly, defendants present no authority for the proposition that their
17  proposed class definition, which if adopted would simply reduce the number of shares
18  (and shareholders) in the class,[2] is appropriate in this or any other context.  Every class
19  definition provides a remedy on a per share basis.  Plaintiff is not aware of any
20  opinion that result in a reduction of the class size.  Courts have certified classes
21  consisting of only holders on the date the merger closed, *see Turner*, 768 A.2d at 27;

22

23  _____
    [2]      Neither of the cases cited by defendants, *Barr v. Harrah's Entm't Inc.*, 242
24  F.R.D. 287 (D.N.J. 2007) and *Ridings v. Canadian Imperial Bank of Commerce Trust
    Co. (Bahamas), Ltd.*, 94. F.R.D. 147 (N.D. Ill. 1982), set forth any particular analysis
25  as to why the proposed class definition was redefined.  The proposed definition in
    *Barr* was rejected because the court considered it "somewhat circular" and simply
26  restated the class definition.  *Barr*, 242 F.R.D. at 292 n.3.  The proposed class
    definition in *Ridings* was rejected only because the court deemed it an improper
27  attempt to amend a previous formulation in the pleadings, and gave the plaintiffs leave
    to seek a formal amendment.  *Ridings*, 94 F.R.D. at 149 n.3.

28

- 3 -

on the date of the shareholder vote on the merger (essentially the definition proposed by plaintiff here), *Pate v. Elloway*, No. 01-03-00187-CV, 2003 Tex. App. LEXIS 9681 (Tex. App.- Houston [1st Dist.] Nov. 13, 2003); on the record date, *Dieter v. Prime Computer*, 681 A.2d 1068, 1069, 1076 (Del. Ch. 1996); and on the date the offer was made, *Hynson v. Drummond Coal Co.*, 601 A.2d 570, 573, 579 (Del. Ch. 1991). None of these class definitions resulted in fewer shares being entitled to recovery. Thus the Court should reject defendants' proposed and unsupportable definition, which would improperly reduce the number of shares in the class and their potential liability to those harmed by their misconduct.

## II.   THE STATE COURT PLAINTIFFS SHOULD NOT BE CARVED OUT OF THE CLASS

Defendants' request that the plaintiffs in the state court action be carved out of the class definition is not ripe for resolution because the Court does not yet have the necessary personal jurisdiction over these or any other absent class members. "In the class action context, the district court obtains personal jurisdiction over the absentee class members by providing proper notice of the impending class action and providing the absentees with the opportunity to be heard or the opportunity to exclude themselves from the class." *In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3d Cir. 1998); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). "The combination of reasonable notice, the opportunity to be heard and the opportunity to withdraw from the class satisfy the due process requirements of the Fifth Amendment." *Krell*, 148 F.3d at 306.

Absent class members, which include the plaintiffs in the state court actions, have yet to be notified of the pendency of this action. Until such notice is sent to the absent class, and the state court plaintiffs are provided an opportunity to address defendants' contentions regarding claim preclusion on an individual basis, no decision should made regarding the exclusion of these individuals from the class.

1    Findings on preclusionary issues are merit-based determinations, and the state

2  court plaintiffs have a more than colorable argument that their §14(a) claims were not

3  actually litigated in the state court actions. *See Unanue v. Unanue*, No. 204-N, 2004

4  Del. Ch. LEXIS 153, at *38-*39 (Del. Ch. Nov. 3, 2004) (distinguishing disclosure

5  claims under Delaware laws from §14(a)'s disclosure regime).   The state court

6  plaintiffs are entitled to make this and any other argument they wish to make to avoid

7  preclusion before being carved out of the class.  Plaintiff submits that the notice sent

8  to the class following the Court's certification order could contain specific reference

9  to the state court actions and inform absent class members that any litigants in the

10  state court action that object to their exclusion from the class on preclusionary

11  principles should inform the Court of their position.   Thereafter, appropriate

12  proceedings can take place to satisfy the requirements of due process.

13  DATED:  June 8, 2009                    Respectfully submitted,

14                                          COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
15                                          DARREN J. ROBBINS
                                            RANDALL J. BARON
16                                          DAVID T. WISSBROECKER

17

18                                          _____s/ David T. Wissbroecker_____
                                            DAVID T. WISSBROECKER
19
                                            655 West Broadway, Suite 1900
20                                          San Diego, CA  92101
                                            Telephone:  619/231-1058
21                                          619/231-7423 (fax)

22                                          Lead Counsel for Plaintiff

23                                          GOODMAN SHERIDAN & ROFF LLP
                                            MOLLY BARBARA ROFF
24                                          CHRISTY W. GOODMAN
                                            3327 Dumas Street
25                                          San Diego, CA  92106
                                            Telephone:  619/241-4860
26                                          619/236-9240 (fax)

27  S:\CasesSD\Intermix Federal\RESP00059912-Court_Order.doc    Attorneys for Plaintiff

28

- 5 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 8, 2009.

      <u>s/ David T. Wissbroecker</u>
DAVID T. WISSBROECKER

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: dwissbroecker@csgrr.com

# Mailing Information for a Case 2:06-cv-03731-GHK-JTL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall J Baron**
  randyb@csgrr.com

- **Rebecca M Couto**
  rebecca.couto@lw.com

- **Christy W Goodman**
  cgoodman@gsrllp.com

- **Stephen M Knaster**
  sknaster@orrick.com

- **James N Kramer**
  jkramer@orrick.com

- **Teodora Manolova**
  tmanolova@orrick.com

- **Elizabeth A Moriarty**
  eamoriarty@hhlaw.com,pdelarosa@hhlaw.com,cmelias@hhlaw.com

- **Pamela S Palmer**
  pamela.palmer@lw.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Julie A Shepard**
  jashepard@hhlaw.com,LA-Docketing@hhlaw.com

- **Richard Lee Stone**
  rlstone@hhlaw.com,mgreyes@hhlaw.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **David T Wissbroecker**
  dwissbroecker@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ramzi Abadou**
Coughlin stoia Geller Rudman and Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101-4297

**Erin Bansal**
Orrick Herrington and Sutcliffe
405 Howard Street
San Francisco, CA 94105

**Stephen J Oddo**
Lerach Coughlin Stoia Geller Rudman and Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101

**Molly Roff-Sheridan**
Goodman Sheridan and Roff
3327 Dumas Street
San Diego, CA 92106