Hogan Lovells US LLP
Richard L. Stone, Bar No. 110022
Richard.stone@hoganlovells.com
Julie Ann Shepard, Bar No. 175538
Julie.shepard@hoganlovells.com
Elizabeth A. Moriarty, Bar No. 212118
Elizabeth.moriarty@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:   (310) 785-4600
Facsimile:    (310) 785-4601

Attorneys for Defendants
Brett Brewer, Daniel Mosher, Lawrence Moreau,
Richard Rosenblatt, James Quandt, and William
Woodward

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRETT BREWER, et. al.,<br><br>Defendants. | Case No.  CV-06-3731 GHK (SH)<br><br>CLASS ACTION<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE BREACH OF FIDUCIARY DUTY, § 14(A), AND § 20(A) CLAIMS UNDER FRCP 12(B)(6) AS TO BRAD GREENSPAN**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Request for Judicial Notice and [Proposed] Order filed concurrently]**<br><br>Date:       October 4, 2010<br>Time:       9:30 a.m.<br>Dept:       650<br>Judge:     Honorable George H. King |

\\\025182/000005 - 55647 v3

TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 4, 2010, at 9:30 a.m. in Courtroom 650 of the United States District Court for the Central District of California, located at the Edward R. Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012, Defendants Brett Brewer, Daniel Mosher, Lawrence Moreau, Richard Rosenblatt, James Quandt, and William Woodward (collectively, "Defendants") will, and hereby do, move the Court for an order dismissing the Breach of Fiduciary Duty, § 14(a), and § 20(a) Counts as to Brad Greenspan ("Greenspan") in the Consolidated Second Amended Complaint ("CSAC") of Plaintiff Jim Brown, Individually and On Behalf of All Others Similarly Situated ("Plaintiff"), under Federal Rules of Civil Procedure 12(b)(6), and excluding Greenspan from the plaintiff class.

This motion to dismiss is made on the grounds that the following Counts fail to state legally cognizable claims for relief, because, among other things:

1.      Count IV for Breach of Fiduciary Duty is barred by the doctrine of *res judicata* because the same cause of action went to a final judgment on the merits against Greenspan in a prior California state court action, *Greenspan v. Intermix Media Inc., et al.*, Case No. B196434 ("state court action").  This cause of action, as well as most of Greenspan's complaint 1/, was dismissed with prejudice on October 6, 2006.  The California Court of Appeal affirmed this dismissal on November 10, 2008, and, on February 18, 2009, the California Supreme Court denied review of the state court action.

2.      Count II for Violation of § 14(a) of the 1934 Act is barred by the doctrine of collateral estoppel because the pivotal factual issue of whether the definitive proxy statement Intermix filed on August 25, 2005 ("2005 Merger Proxy") misrepresented and/or omitted material information was actually litigated

---

1/  Defendants did not bring a demurrer as to a cause of action not implicated by this motion.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

\\\025182/000005 - 55647 v3

1   and necessarily decided against Greenspan in the state court action which went to a

2   final decision on the merits, and Greenspan cannot establish a § 14(a) claim without

3   this essential element of that claim.

4       3.    Count III of the CSAC for a § 20(a) claim under the 1934 Act (15

5   U.S.C. § 78t(a)) is barred as there is no predicate § 14(a) violation.

6       This motion is made following a pre-filing conference of counsel pursuant to

7   Local Rule 7-3 held on July 27, 2010.

8       This motion is based upon this Notice, the attached Memorandum of Points

9   and Authorities, the Request for Judicial Notice ("RJN") filed concurrently under

10   separate cover, all pleadings and papers on file in this action, and all matters of

11   which this Court may take judicial notice and upon such oral argument as the Court

12   may consider.

13

14   Dated:    August 10, 2010        Hogan Lovells US LLP
       Julie Ann Shepard

15       Elizabeth A. Moriarty

16

17   By: Richard L. Stone  By BJ
       Richard L. Stone

18   Attorneys for Defendants

19   Brett Brewer, Daniel Mosher, Lawrence
   Moreau, Richard Rosenblatt, James

20   Quandt, and William Woodward

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

\\025182/000005 - 55647 v3

# Table of Contents

**Page**

I.   INTRODUCTION ...................................................................................1

II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY....................2

    A.   Greenspan and the California State Court Action ........................2

    B.   Greenspan and the Instant Federal Action ..................................4

III. RES JUDICATA BARS THE BREACH OF FIDUCIARY CLAIM AS TO GREENSPAN ...............................................................5

    A.   The Earlier State Court Action Went to a Final Judgment on the Merits ...............................................................6

    B.   The Breach of Fiduciary Duty Claim In This Action is the Same Cause of Action Already Litigated and Decided in the State Court Action .....................6

    C.   Greenspan was a Named Plaintiff in the State Court Action ...............................................................................8

IV.  COLLATERAL ESTOPPEL BARS THE § 14(A) CLAIM AS TO GREENSPAN .............................................................................8

    A.   The Pivotal Factual Issue in this Action – Whether the 2005 Merger Proxy Adequately Disclosed Material Information – is Identical to that Litigated and Decided in the State Court Action ....................................9

    B.   The Issue of Whether The 2005 Merger Proxy Adequately Disclosed Material Information was Actually Litigated in the State Court Action.........................15

    C.   The Issue of Whether The 2005 Merger Proxy Adequately Disclosed Material Information Was Necessarily Decided in the State Court Action .....................15

    D.   The State Court Action Reached A Final Determination On The Merits ...............................................16

    E.   Greenspan was a Named Plaintiff in the State Court Action .............................................................................17

    F.   Applying Collateral Estoppel to Bar the § 14(a) Claim as to Greenspan Promotes Judicial Economy, Prevents Inconsistent Judgments, and Prevents Harassment by Vexatious Litigation ......................................17

V.   CONCLUSION.................................................................................17

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Adam Bros. Farming, Inc. v. County of Santa Barbara,*
    604 F.3d 1142 (9th Cir. 2010)........................................................................5, 8

*Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of America,*
    133 Cal. App. 4th 1319 (2005)...............................................................9, 16, 17

*Border Business Park, Inc. v. City of San Diego,*
    142 Cal. App. 4th 1538 (2007).........................................................................16

*Doe v. City of San Mateo,*
    2008 WL 4774931 (N.D. Cal. Oct. 29, 2008)..............................................16, 17

*Evans v. Celotex Corp.,*
    194 Cal. App. 3d 741 (1987).........................................................................8, 9

*First N.B.S. Corp. v. Gabrielson,*
    179 Cal. App. 3d 1189 (1986)....................................................................10, 15

*Frommhagen v. Board of Supervisors of Santa Cruz County,*
    197 Cal. App. 3d 1292 (1987)....................................................................13, 14

*Green v. Ancora-Citronelle Corp.,*
    577 F.2d 1380 (9th Cir. 1975)...........................................................................8

*Henrichs v. Valley View Development,*
    474 F.3d 609 (9th Cir. 2007)..........................................................................6, 7

*Holder v. Holder,*
    305 F.3d 854 (9th Cir. 2002).............................................................................1

*In re Khaligh,*
    338 B.R. 817 (9th Cir. 2006).............................................................................9

*In re Transocean Tender Offer Securities Litigation,*
    427 F.Supp. 1211 (N.D. Ill 1977)................................................................10, 13

*Interinsurance Exchange of the Auto. Club. v. Superior Court*,
  209 Cal. App. 3d 177 (1989) ......................................................................... 13, 14

*Kelly v. Vons Companies, Inc.*,
  67 Cal. App. 4th 1329 (1998) ..................................................................... 9, 15, 16

*LeBoyer v. Greenspan*,
  2007 WL 4287646 (C.D. Cal. June 13, 2007) ............................................... 8, 9

*Lumpkin v. Jordan*,
  49 Cal. App. 4th 1223 (1996) ............................................................ 10, 11, 13, 17

*Manufactured Home Communities, Inc. v. City of San Jose*,
  420 F.3d 1022 (9th Cir. 2005) ......................................................................... 1, 5

*Marrese v. American Academy of Orthopaedic Surgeons*,
  470 U.S. 373 (1985) ........................................................................................... 8

*Molina v. Seror*,
  228 B.R. 248 (9th Cir. 1998) ........................................................................... 8, 9

*Mycogen Corp. v. Monsanto Co.*,
  28 Cal. 4th 888 (2002) ........................................................................................ 5

*Producers Dairy Delivery Co. v. Sentry Insurance Co.*,
  41 Cal. 3d 903 (1986) ....................................................................................... 12

*Silverton v. Department of the Treasury*,
  449 F. Supp. 1004 (C.D. Cal. 1978) .................................................................. 1

*Skeen v. Jo-Ann Stores, Inc.*,
  750 A.2d 1170 (Del. 2000) ............................................................................... 11

*Sutphin v. Speik*,
  15 Cal. 2d 195 (1940) ...................................................................................... 13

*TSC Indus. Inc. v. Norway, Inc.*,
  426 U.S. 438 (1976) ........................................................................................ 11

**STATUTES**

§ 14(a) of the Securities Exchange Act of 1934 ................................................ passim

§ 20(a) of the Securities Exchange Act of 1934 ............................................ 2, 8, 17

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

\\\025182/000005 - 55647 v3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Brad Greenspan, the former CEO of Intermix Media, Inc. ("Intermix") and one of its largest shareholders, has already had a chance to fully litigate his claims against Defendants relating to the News Corporation ("News Corp.") acquisition of Intermix.  In 2005, shortly after the announcement of the merger, Greenspan and three other shareholders filed suits alleging that the Defendants violated their fiduciary duties by entering into the acquisition with News Corp. without regard to the fairness of the acquisition to Intermix's shareholders, without maximizing shareholder value, and in furtherance of their own personal interests.  He and the other plaintiffs further alleged that the Proxy Statement issued for shareholder approval of the transaction ("2005 Merger Proxy") omitted material information concerning the transaction.  After permitting multiple amendments and a full hearing, the Superior Court granted Defendants' demurrers with prejudice, ruling that the shareholders' ratification of the acquisition vitiated the breach of fiduciary duty claims because there had been adequate disclosure of all material facts relating to the transaction.  Request for Judicial Notice ("RJN")[1]/, Ex. D (at p. 23).  The California Court of Appeal affirmed, finding that the "shareholders' approval of the acquisition was fully informed."  RJN, Ex. H (at p. 3).   The California Supreme Court denied the petition for review.  RJN, Ex. J.

---

[1]   Courts routinely take judicial notice of orders, briefs, and other helpful pleadings in earlier proceedings in deciding *res judicata* and collateral estoppel issues.  *See, e.g., Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of a state court decision and the briefs filed in that court to determine whether an issue was actually litigated and necessarily decided by the state court for issue preclusion purposes); *Manufactured Home Communities, Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005) (taking judicial notice of answer to petition for review in state supreme court in prior action where answer was helpful in determining matters related to claim preclusion).  *See also Silverton v. Department of the Treasury*, 449 F. Supp. 1004, 1006-07 (C.D. Cal. 1978) (taking judicial notice of orders, pleadings, and other court records in prior state and federal court proceedings, and dismissing action with prejudice based on *res judicata*).

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

Greenspan is now attempting to retry his case by joining this action with the exact same claim for breach of fiduciary duty and an additional claim for violations of § 14(a), which is based on the identical pivotal issue already decided against him in the prior state court action: whether the 2005 Merger Proxy adequately disclosed material information.  Under settled *res judicata* and collateral estoppel principles, however, the final judgment in California bars Greenspan from being a plaintiff and participating as a member of the class in this suit because Greenspan's breach of fiduciary claim was already litigated and decided against him in the prior action and because Greenspan's § 14(a) claim is based on the pivotal issue of whether the 2005 Merger Proxy adequately disclosed material information, the identical issue which was actually litigated and necessarily decided against him in the prior action.

Accordingly, Defendants respectfully request that this Court give full *res judicata* and collateral estoppel effect to the findings of the California state court and bar Greenspan from participating in this action and proceeding with breach of fiduciary and § 14(a) claims against the Defendants. 2/

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     Greenspan and the California State Court Action

Greenspan was the founder and former Chairman and Chief Executive Officer of eUniverse, Inc., the predecessor to Intermix.  RJN, Ex. B (Greenspan Amended State Court Complaint, ¶ 1).  Greenspan was also one of Intermix's largest shareholders prior to its acquisition by News Corp. on September 30, 2005.  *Id.*

On August 25, 2005, Intermix filed the 2005 Merger Proxy disclosing detailed information about the merger.  A few days later, Intermix shareholders John Friedman (along with Patty Pierce) and Ron Sheppard launched litigation to enjoin the stockholder vote and prevent the merger, claiming that the premium price

---

2/   The § 20(a) claim should similarly be dismissed as there is no predicate § 14(a) violation.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

of $12 per share was not enough.  They obtained substantial expedited discovery, negotiated supplementary disclosures, and withdrew their motion for a preliminary injunction based upon these disclosures.  In November of 2005, the trial court consolidated the *Sheppard* and *Friedman* actions.  On January 17, 2006, Friedman and Sheppard (along with Pierce) filed a Consolidated Amended Complaint in California state court, seeking money damages and claiming that the Intermix directors—the same defendants in this action— breached their fiduciary duties by failing to maximize the value of Intermix in the sale of the Company.  RJN, Ex. A. They alleged that the directors failed to ensure the highest reasonably available price for the stock, accepted inappropriate "deal protection" measures, favored preferred stockholders, acted on the basis of self-interested motives, and failed to disclose material information and/or made material misrepresentations to shareholders.  *Id.*

Greenspan also filed his initial complaint in late August of 2005 – before the merger vote – asserting one cause of action for breach of fiduciary duty.  He alleged that the Intermix officers and directors agreed to the merger at terms and a price that benefited them but damaged Greenspan by causing him to lose his interest in Intermix for less than its fair market value.  After the stockholders approved the News Corp. acquisition, the parties stipulated that Greenspan could file his amended complaint.  On February 21, 2006, Greenspan filed an amended complaint in California state court against the same defendants, asserting claims of breach of fiduciary duty, among others, which tracked the other plaintiffs' amended complaint.  RJN, Ex. B.

In the Spring of 2006, after the Superior Court's coordination of the common merger-related claims asserted by Friedman/Sheppard and Greenspan, Defendants filed demurrers to the amended complaints.  The court heard oral arguments on the demurrers in July, and the California Superior Court sustained defendants' demurrers without leave to amend on October 6, 2006.  The trial court dismissed

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

\\\025182/000005 - 55647 v3

1   Greenspan's breach of fiduciary duty claims, ruling that the shareholders'

2   ratification of the acquisition vitiated the breach of fiduciary duty claims because

3   there had been adequate disclosure of all material facts relating to the News Corp.

4   acquisition.  RJN, Ex. D (at p. 23) ("Because the disclosures to the shareholders

5   were adequate and the stockholders ratified all of the terms of the merger, their

6   ratification vitiates all claims for breach of fiduciary duty.  As such, the claim of

7   breach of fiduciary duty against the Director Defendants is extinguished."), Ex E (at

8   p. 2).  On October 22, 2007, Greenspan appealed from the judgment entered against

9   him following the trial court's orders sustaining defendants' demurrers without

10  leave to amend.  RJN, Ex. F.  A few days later, on October 25, 2007, Sheppard and

11  Friedman filed a similar appeal.  RJN, Ex. G.  These appeals were consolidated.

12  RJN, Ex. H (California Court of Appeal Order, p. 2).  On November 10, 2008, the

13  Court of Appeal affirmed the California state court decision, finding that the

14  "allegations of the complaints and judicially-noticed documents demonstrate that

15  the shareholders' approval of the acquisition was fully informed." *Id.* (p. 3).   On

16  December 19, 2008, Friedman and Sheppard filed a Petition for Review to the

17  California Supreme Court, claiming that the California Court of Appeals disposed

18  of the case without providing leave to amend.  RJN, Ex. I.  Finally, on February 18,

19  2009, the California Supreme Court denied the Petition for Review.  RJN, Ex. J.

20        **B.    Greenspan and the Instant Federal Action**

21        On February 8, 2008, the operative complaint in this action was filed,

22  alleging that Defendants breached their fiduciary duty to Intermix's shareholders

23  and violated § 14(a) of the Securities Exchange Act of 1934.  Consolidated Second

24  Amended Complaint ("CSAC") ¶¶ 169-71, 180-87.

25        On January 14, 2009, Defendants opposed Plaintiff's Motion for Class

26  Certification, arguing, among other things, that the proposed definition improperly

27  failed to exclude from the putative class the plaintiffs in a parallel state court action

28  who are precluded from asserting claims in this action.

4

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

On June 22, 2009, this Court certified a class and appointed Plaintiff as class representative, but declined to rule on any preclusion issues relating to the state court plaintiffs without giving the state court plaintiffs notice of any such arguments and an opportunity to respond.  Docket 197 (Order re: Plaintiff's Motion for Class Certification).  On June 18, 2010, Greenspan filed a notice of appearance seeking to appear in the instant action.  And, on July 15, 2010, pursuant to the parties' stipulation, the Court ordered that Greenspan shall be allowed to file a notice of appearance and to appear in the instant action after the deadline previously set by the Court.

## III.   RES JUDICATA BARS THE BREACH OF FIDUCIARY CLAIM AS TO GREENSPAN

*Res judicata* or claim preclusion bars relitigation of Greenspan's breach of fiduciary duty claim in this action.  To determine the preclusive effect of a state court judgment, federal courts look to state law.  *See, e.g., Manufactured Home Communities v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005).

Under California law, application of *res judicata* requires: (1) a final judgment on the merits in the earlier proceeding; (2) that the claims were part of a cause of action that was litigated and decided, or that might have been litigated, in the earlier proceeding; and (3) that the parties against whom *res judicata* is invoked were parties or in privity with a party to the prior adjudication.  *See, e.g., Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002) (*res judicata* "describes the preclusive effect of a final judgment on the merits" and "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them"); *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010) (applying California law).

All three elements are fully met in this case.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

### A.   The Earlier State Court Action Went to a Final Judgment on the Merits

Greenspan's claim for breach of fiduciary duty has been finally determined by a court of competent jurisdiction. *See, e.g, Henrichs v. Valley View Development*, 474 F.3d 609, 615 (9th Cir. 2007) (dismissing claim on grounds of *res judicata* and finding a final judgment where "Los Angeles County Superior Court denied relief, the California Court of Appeal affirmed, and the California Supreme Court denied review").

Here, Judge Kuhl, in dismissing the breach of fiduciary duty claim with prejudice, stated:  "Because the disclosures to the stockholders were adequate and the stockholders ratified all of the terms of the merger, their ratification vitiates all claims for breach of fiduciary duty."  *See* RJN, Ex. D at p. 23 (October 6, 2006 Opinion and Order Re: Demurrers to Consolidated Class Action Complaint).  *See also* RJN, Ex. E at p. 2 (October 6, 2006 Order Re: Demurrers of Plaintiff Greenspan's Amended Complaint) ("For the reasons stated in the Opinion and Order Re: Demurrer to Consolidated Class Action Complaint, the demurrer to the third through the sixth causes of the action of the Greenspan First Amended Complaint [breach of fiduciary duties] is sustained without leave to amend.").

On November 10, 2008, the California Court of Appeal affirmed the trial court's decision.  *See* RJN, Ex. H.  And, on February 18, 2009, the California Supreme Court denied review of the state court action.  *See* RJN, Ex. J. Accordingly, the state court action is final for preclusion purposes at this time.  *See also* Docket 188 (Judge King's May 29, 2009 Order re: Plaintiff's Motion for Class Certification at p. 3, fn. 2) (stating the same).

### B.   The Breach of Fiduciary Duty Claim In This Action is the Same Cause of Action Already Litigated and Decided in the State Court Action

The breach of fiduciary duty claim in this action is the same cause of action

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

\\\025182/000005 - 55647 v3

1  already litigated and decided in the California state court action.  In both the instant

2  action and the state court action, the complaints allege that the same defendants

3  violated their fiduciary duties by entering into the acquisition with News Corp.

4  without regard to the fairness of the acquisition to Intermix's shareholders and in

5  furtherance of their own personal interests.  *Compare* RJN, Ex. B (Greenspan

6  Amended State Court Complaint, ¶ 174, "defendants approved the News

7  Corporation merger without regard to its ultimate fairness to Intermix

8  shareholders"; ¶ 175, "defendants, acting in bad faith and without a legitimate

9  business purpose, and despite conflicts of interest, approved a merger that resulted

10 from unfair dealing and that offered shareholders an unfair price"; and ¶ 179,

11 "defendants caused Intermix to fail to disclose material information relating to the

12 financial condition of Intermix and the proposed News Corporation transaction"),

13 *with* CSAC, ¶¶ 181, 183, 184 (stating that Defendants "violated fiduciary duties…,

14 engaged in unlawful self-dealing, acted to put their personal interests and/or the

15 interests of News Corp. ahead of the interests of Intermix shareholders…",

16 "violated their fiduciary duties by entering into the Acquisition with News Corp.

17 without regard to the fairness of the Acquisition to Intermix's shareholders", and

18 "failed to disclose material information…to shareholders regarding…the true value

19 of the Company and the true reason for entering into the Acquisition…").

20      The second prong of the res judicata test has been satisfied as the breach of

21 fiduciary duty claim in this action, based on the same allegations of unfair price and

22 unfair process in the 2005 merger, is the exact same cause of action already

23 litigated and decided in the state court action.  *See Henrichs*, 474 F.3d at 615 (the

24 Ninth Circuit, applying California law, held that *res judicata* applied where

25 plaintiffs, in the state court proceedings, asserted an identical cause of action based

26 on the same agreement and against the same defendants).

27

28

---

7

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

**C.     Greenspan was a Named Plaintiff in the State Court Action**

Finally, Greenspan who has now appeared in this federal action was a named plaintiff in the state court action.  *See* RJN, Ex. B (Greenspan Amended State Court Complaint).  *See, e.g., Adam Bros.*, 604 F.3d at 1149 (Ninth Circuit decision applying California law) (same party element is "obviously met" because the same plaintiff sued the same defendant in state court).

**IV.     COLLATERAL ESTOPPEL BARS THE § 14(A) CLAIM AS TO GREENSPAN**

Collateral estoppel prevents Greenspan from re-litigating the issue of whether the 2005 Merger Proxy adequately disclosed material information concerning the News Corp. acquisition and, as Greenspan cannot satisfy this necessary element of a § 14(a) claim due to the collateral estoppel bar, Greenspan cannot pursue such a claim. 3/  *See, e.g., LeBoyer v. Greenspan*, 2007 WL 4287646, *1-2 (C.D. Cal. June 13, 2007) (applying California law and granting defendants' motion to dismiss plaintiff's claims because plaintiff was precluded by collateral estoppel from re-litigating the issue of demand futility); *Evans v. Celotex Corp.*, 194 Cal. App. 3d 741, 746-47 (1987) (affirming dismissal because collateral estoppel barred re-litigation of issues).4

---

3/   The § 20(a) claim is also barred as to Greenspan as there is no longer a predicate § 14(a) violation.

4    Federal courts are required, as a matter of full faith and credit, to apply the collateral estoppel rules of the state rendering the original decision, including to claims that could not have been brought in state court.  *See, e.g., Molina v. Seror*, 228 B.R. 248, 250 (9th Cir. 1998) (applying California law); *LeBoyer*, 2007 WL 4287646 at *1; *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-81 (1985) (holding that exclusively federal antitrust claims arising from the same transaction that was the subject of a prior state law action, in which the state court entered a final judgment dismissing all claims, were precluded from re-litigation in a federal court); *see also Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1383-84 (9th Cir. 1975) (holding state court decisions have preclusive effect on later 1934 Act claims in federal court).  Greenspan is thus barred from participating in a class alleging the § 14(a) claim here, as the issue – whether the 2005 Merger Proxy adequately disclosed material information - is identical to that decided in the earlier case.

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

\\\025182/000005 - 55647 v3

1    Under California law, collateral estoppel applies if: (1) the issue sought to be

2    precluded from re-litigation is identical to that decided in a former proceeding; (2)

3    the issue was actually litigated in the former proceeding; (3) the issue was

4    necessarily decided in the former proceeding; (4) the decision in the former

5    proceeding was final and on the merits; and (5) the party against whom preclusion

6    is sought was the same as, or in privity with, the party to the former proceeding.

7    *Molina*, 228 B.R. at 250; *LeBoyer*, 2007 WL 4287646 at *1.  *See also Kelly v. Vons*

8    *Companies, Inc.*, 67 Cal. App. 4th 1329, 1339 (1998).  California courts

9    additionally inquire into whether imposition of issue preclusion in a particular

10   setting would be fair and consistent with the sound public policy underlying the

11   doctrine—preservation of the integrity of the judicial system, promotion of judicial

12   economy, and protection of litigants from harassment by vexatious litigation.  *See,*

13   *e.g.*, *In re Khaligh*, 338 B.R. 817, 824-25 (9th Cir. 2006) (applying California law);

14   *Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co.*

15   *of America*, 133 Cal. App. 4th 1319, 1333-34 (2005).

16   All five elements of collateral estoppel, as well as the additional inquiry into

17   the policy underlying the doctrine, are satisfied as to the identical issue of whether

18   the 2005 Merger Proxy adequately disclosed material information concerning the

19   News Corp. acquisition, which is central to the 14(a) claim, and was actually

20   litigated and necessarily decided against Greenspan in the California state court

21   action, which went to a final decision on the merits.

**A.    The Pivotal Factual Issue in this Action – Whether the 2005
Merger Proxy Adequately Disclosed Material Information – is
Identical to that Litigated and Decided in the State Court Action**

24   The doctrine of collateral estoppel precludes a party to a prior litigation from

25   re-litigating *issues* decided against him, even when those issues bear on different

26   claims raised in a later case.  *See, e.g., Alpha,* 133 Cal. App. 4th at 1333; *Evans,*

27   194 Cal. App. 3d at 745 ("The prior judgment in favor of defendant acts as a

28   collateral estoppel and prevents relitigation of these very issues, even though the

9

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

1   causes of action are different.").  So, the fact that Greenspan's claim was for breach

2   of fiduciary in the state court action is no impediment to the application of

3   collateral estoppel here to bar Greenspan's participation in a class bringing a §

4   14(a) claim.  Rather, the "doctrine of collateral estoppel depends on what issues

5   are adjudicated, not the nature of the proceeding or the relief requested....What is

6   significant for collateral estoppel purposes is that the issue decided in the [prior]

7   proceedings....is the **pivotal factual issue** that must be decided in the [subsequent]

8   proceedings."  *Lumpkin v. Jordan*, 49 Cal. App. 4th 1223, 1231-32 (1996)

9   (emphasis added).  *See also First N.B.S. Corp. v. Gabrielson*, 179 Cal. App. 3d

10  1189, 1195-96 (1986) (holding that both actions involved the "same pivotal issue";

11  application of collateral estoppel depends on "whether the *issue* in both actions is

12  the same, not whether the issue arises in the same *context"*) (emphasis in original).

13  *Accord*, *In re Transocean Tender Offer Securities Litigation*, 427 F. Supp. 1211,

14  1218, 1223 (N.D. Ill 1977).5/

15       For example, in *Transocean,* the court found that minority stockholders'

16  Securities Exchange Act claims of material misrepresentations and omissions

17  relating to a tender offer were estopped by a prior Delaware court finding that the

18  defendants had fulfilled their fiduciary duty of full disclosure of facts and

19  circumstances surrounding the tender offer, even though the minority shareholders'

20  alleged additional omissions and misrepresentations were not considered by the

21  Delaware court.  The court stated: "Having litigated the ultimate issue of full

22  disclosure and suffered an adverse determination, new evidentiary facts may not be

23  brought forward to obtain a different determination of that ultimate fact."  *Id*. at

24  1222.

25       Here, the 2005 Merger Proxy that serves as the basis for Plaintiff's § 14(a)

26  claim in this action is the exact same document which, according to Greenspan,

27
28  _____
    5/   Although this case does not apply the California law of collateral estoppel, the
    test used is essentially the same as that used in California and has the same
    "identical" issue requirement.  *Id.* at 1220.

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

1  failed to disclose material information relating to the financial condition of Intermix

2  and the proposed News Corp. transaction in his state court breach of fiduciary duty

3  claim.  *Compare* RJN, Ex. B (Greenspan's Amended State Court Complaint, ¶ 179,

4  "In the….proxy statement…, the defendants caused Intermix to fail to disclose

5  material information relating to the financial condition of Intermix and the proposed

6  News Corporation transaction"), *with* CSAC, ¶ 170 as to § 14(a) claim (Plaintiff

7  alleges that the "2005 Proxy … misrepresented and/or omitted material information

8  about the true value of the Company and the unfairness of the sale process.").  And,

9  whether the 2005 Merger Proxy adequately disclosed material information

10  concerning the News Corp. acquisition is an issue that was decided in the state

11  action against Greenspan.  *See* RJN, Ex. D at p. 23 (October 6, 2006 Opinion and

12  Order Re: Demurrers to Consolidated Class Action Complaint) ("Because the

13  disclosures to the stockholders were adequate and the stockholders ratified all of the

14  terms of the merger, their ratification vitiates all claims for breach of fiduciary

15  duty."); RJN, Ex. E (October 6, 2006 Order Re: Demurrers to Greenspan's

16  Complaint at p. 2); RJN, Ex. H at p. 3 (November 10, 2008 California Court of

17  Appeal Order) ("The allegations of the complaints and the judicially-noticed

18  documents demonstrate that the shareholders' approval of the acquisition was fully-

19  informed.")  It is also the pivotal factual issue in Plaintiff's § 14(a) claim.  CSAC ¶¶

20  170-71.6/

21  _____

22  6/   The fact that the state court applied Delaware law in deciding the pivotal factual
    issue of the adequacy of the disclosures in the 2005 Merger Proxy does not change

23  the application of collateral estoppel because what is significant for collateral
    estoppel purposes is the factual issue decided, not the applicable law.  *See, e.g.,*

24  *Lumpkin*, 49 Cal. App. 4th at 1231-32 (finding collateral estoppel applied to an
    action under the California Fair Employment and Housing Act even though prior

25  federal action involved federal anti-discrimination remedies because "[w]hat is
    significant for collateral estoppel purposes is that the issue decided in the federal

26  proceedings…is the pivotal factual issue that must be decided in the state FEHA
    proceedings.").  Even if the legal standard was of consequence, here, the standard

27  for deciding materiality is the same under both Delaware and Federal law.
    *Compare TSC Indus. Inc. v. Norway, Inc.*, 426 U.S. 438, 449 (1976) (materiality

28  standard under federal law), *with Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170, 1172
    (Del. 2000) (materiality standard under Delaware law).  *See also* Docket 278 (Order

11                     DEFENDANTS' MOTION TO DISMISS
                       UNDER FRCP 12(B)(6)

The outcome of the collateral estoppel analysis does not change if one looks at the alleged omissions at issue here individually.  Three alleged material omissions remain as bases for the § 14(a) claim in this action: (1) MySpace's then-current revenue and profits; (2) Intermix Management's 2005-2009 financial projections; and (3) information concerning the merger's impact on the outstanding derivative litigation.  *See* Docket 278 (Order Re: Cross-Motions for Summary Judgment).  The first two alleged omissions were also clearly raised in the state court action, so Greenspan is collaterally estopped from asserting these alleged omissions in this action.  *See* RJN, Ex. B (Greenspan's Amended State Court Complaint, ¶ 173: "All of the 2005 Director Defendants concealed positive financial information concerning MySpace's performance and projections in order to convince shareholders that the price offered by News Corporation was reasonable"); RJN, Ex. F (Greenspan's Opening Brief at p. 2) (stating that 2005 Merger Proxy was materially misleading because it failed to inform shareholders of the "explosive growth of MySpace" and "management's projections for MySpace"); RJN, Ex. H (November 10, 2008 California Court of Appeal Order, pp. 24, 29, 33) (finding that appellants have "failed to allege a material omission concerning MySpace's individual financial performance", "the single most significant nondisclosure", and finding that the "disclosure of management projections would not have significantly altered the total mix of information provided in the proxy").

Likewise, collateral estoppel applies to the third alleged omission of information concerning the merger's impact on outstanding derivative litigation even though it was not alleged in Greenspan's state court complaint.  As noted

---

Re: Cross-Motions for Summary Judgment, p. 26, n. 16) (noting that materiality standard is the same under Delaware and Federal law).  And, thus, it does not change the collateral estoppel analysis. *See, e.g., Producers Dairy Delivery Co. v. Sentry Insurance Co.*, 41 Cal. 3d 903, 911 (1986) (finding that the issues were identical as there was no significant difference in meaning between the term "employee" in the two different contexts).

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

1   above, the pivotal factual issue for collateral estoppel purposes is whether the 2005

2   Merger Proxy adequately disclosed material information concerning the News

3   Corp. acquisition and that issue was decided against Greenspan.  *See, e.g.*,

4   *Lumpkin*, 49 Cal. App. 4th at 1231; *Transocean*, 427 F. Supp. at 1218, 1223.

5          Further, "collateral estoppel … will apply as to all issues which were

6   involved in the prior case even though some *factual* matters or *legal* arguments

7   which could have been presented in the prior case in support of such issues were

8   not presented." *Frommhagen v. Board of Supervisors of Santa Cruz County*, 197

9   Cal. App. 3d 1292, 1301 (1987) (emphasis in original).  It is not necessary that an

10  allegation be expressly pleaded in order for collateral estoppel to apply: "*[i]f the*

11  *matter was within the scope of the action, related to the subject-matter and relevant*

12  *to the issues, so that it could have been raised, the judgment is conclusive on it*

13  *despite the fact that it was not in fact expressly pleaded or otherwise urged.*  The

14  reasons for this are manifest.  A party cannot by negligence or design withhold

15  issues and litigate them in consecutive actions."  *Interinsurance Exchange of the*

16  *Auto. Club. v. Superior Court*, 209 Cal. App. 3d 177, 181-83 (1989) 7/ (emphasis in

17  original) (quoting *Sutphin v. Speik*, 15 Cal. 2d 195, 202 (1940)).  "If the legal

18  principle were otherwise, litigation would end finally only when a party could no

19  longer find counsel whose knowledge and imagination could conceive of different

20  theories of relief based upon the same factual background."  *Frommhagen,* 197 Cal.

21  App. 3d at 1301.

22         Since the alleged omission of information concerning the merger's impact on

23  outstanding derivative litigation was within the scope of the state action and it

24  could have been urged in connection with the issue of whether the 2005 Merger

25  Proxy adequately disclosed material information, the prior determination in the

---

26  7/   The *Interinsurance* court held that insured was collaterally estopped from
27  asserting claim against insurer for breach of covenant of good faith and fair dealing,
    as a result of prior adjudication of issue of effectiveness of insured's assent to a
    release, where the insured could have urged theories of fraud and overreaching as
28  bases for vitiating her assent.  *Id.*

13                    DEFENDANTS' MOTION TO DISMISS
                      UNDER FRCP 12(B)(6)

state court action that the 2005 Merger Proxy did not omit material information is conclusive on this new alleged omission and Greenspan is collaterally estopped from asserting it. *Frommhagen*, 197 Cal. App. 3d at 1301; *Interinsurance*, 209 Cal. App. 3d at 181-83.  Collateral estoppel is especially appropriate here because, as evidenced in Greenspan's opposition to defendants' demurrer in the state court action, Greenspan was fully aware of the alleged omission of information concerning the merger's impact on outstanding derivative litigation and therefore could have raised it in the state court action.  RJN, Ex. C (Greenspan's Opposition to Defendants' Demurrer to Counts III through VI, filed on May 5, 2006, at p. 23) (discussing that the cash-out merger "likely extinguished standing for all prior shareholders…").

Finally, state court plaintiffs Ron Sheppard and John Friedman themselves admitted in their California Court of Appeal Opening Brief that they touched upon the omission of the merger's impact on outstanding derivative litigation in their complaint, and could amend their complaint to allege this omission as a basis for a disclosure violation.  RJN, Ex. G (Opening Brief of Plaintiffs-Appellants Ron Sheppard, John Friedman and Patty Pierce, pp. 43-44: "Although the merger's impact on derivative claims was not specifically pleaded as a disclosure violation, the complaint could easily be amended to do so.")  The California Court of Appeal considered this proposed amendment, and found no basis to disturb the trial court's denial of leave to amend because "appellants have failed to meet their burden to show how their proposed allegations would change the legal effect of their pleadings…".  RJN, Ex. H (at p. 44).  *See also Id.* at p. 2 (noting that Greenspan, Friedman, and Pierce **appeals were consolidated**); RJN, Ex. F (Greenspan's Opening Brief at p. 3) (stating that the "trial court concluded that Greenspan would not be permitted to add anything by amendment…").  Greenspan should not, by raising a factual argument that could have been and was in fact raised in the prior proceeding, be allowed to proceed with a § 14(a) claim based on the same pivotal

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

factual issue of whether the disclosures in the 2005 Merger Proxy were adequate, which was already decided against him in the state court action.

**B.   The Issue of Whether The 2005 Merger Proxy Adequately Disclosed Material Information was Actually Litigated in the State Court Action**

The issue of whether the 2005 Merger Proxy adequately disclosed material information "was raised by the parties, submitted for decision, and determined....It was thus actually litigated." *Kelly*, 67 Cal. App. 4th at 1340. *See also* RJN, Ex. D (October 6, 2006 Order Re: Demurrers to Consolidated Class Action Complaint at p. 23) ("Because the disclosures to the shareholders were adequate and the stockholders ratified all of the terms of the merger, their ratification vitiates all claims for breach of fiduciary duty. As such, the claim of breach of fiduciary duty against the Director Defendants is extinguished."); Ex. E (October 6, 2006 Order Re: Demurrers to Greenspan's Complaint at p. 2); Ex. H (California Court of Appeal Order at p. 3) (affirming the California state court decision and finding that the "allegations of the complaints and judicially-noticed documents demonstrate that the shareholders' approval of the acquisition was fully informed.") *See also* Section IV(A), pp. 9-14.

**C.   The Issue of Whether The 2005 Merger Proxy Adequately Disclosed Material Information Was Necessarily Decided in the State Court Action**

It is undisputable that the issue of whether the 2005 Merger Proxy adequately disclosed material information was "necessarily decided" in the prior proceeding because the adequacy of the disclosures in the state court action was pivotal to the ratification defense, and was therefore necessarily decided in the state action. *See, e.g., First N.B.S.*, 179 Cal. App. 3d at 1196 (holding that "necessarily decided" element was satisfied when ruling on one issue required the court to decide a related issue). Judge Kuhl dismissed the breach of fiduciary duty claim with

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

prejudice based on a finding that the disclosures to the stockholders were adequate: "Because the disclosures to the stockholders were adequate and the stockholders ratified all of the terms of the merger, their ratification vitiates all claims for breach of fiduciary duty." *See* RJN, Ex. D at p. 23 (October 6, 2006 Opinion and Order re: Demurrers to Consolidated Class Action Complaint). *See also* RJN, Ex. E at p. 2 (October 6, 2006 Opinion and Order Re: Demurrers to Greenspan's Amended Complaint) ("For the reasons stated in the Opinion and Order Re: Demurrer to Consolidated Class Action Complaint, the demurrer to the third through the sixth causes of the action of the Greenspan First Amended Complaint [breach of fiduciary duties] is sustained without leave to amend."). Judge Kuhl's finding that the disclosures were adequate was "essential to completely resolve" plaintiffs' breach of fiduciary duty claims. *See, e.g., Kelly*, 67 Cal. App. 4th at 1341. The appellate court affirmed this finding, "The allegations of the complaints and the judicially-noticed documents demonstrate that the shareholders' approval of the acquisition was fully-informed." RJN, Ex. H (p. 3)

Accordingly, the issue of whether the 2005 Merger Proxy adequately disclosed material information was actually litigated and necessarily decided in the state court action. *See also Alpha*, 133 Cal. App. 4th at 1333 (holding that issues were actually litigated and determined when identical issues were presented in previous suit, which went to a final judgment on the merits—dismissal with prejudice).

### D.   The State Court Action Reached A Final Determination On The Merits

Greenspan's state court lawsuit was dismissed with prejudice. A dismissal with prejudice constitutes a final determination on the merits. *See, e.g., Doe v. City of San Mateo,* 2008 WL 4774931, *3 (N.D. Cal. Oct. 29, 2008) (applying and citing to California law). *See also Border Business Park, Inc. v. City of San Diego,* 142 Cal. App. 4th 1538, 1564 (2007) (order sustaining demurrer in prior action is a final

DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6)

\\\025182/000005 - 55647 v3

judgment for purposes of issue preclusion; final for purposes of issue preclusion includes any "prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect").  Furthermore, as discussed above, not only was there a final <u>decision</u> on the merits in the state court action, but there was also a final <u>judgment</u> on the merits as evidenced by the California Supreme Court's denial of the review of the state court action.  RJN, Ex. J.

### E.    **Greenspan was a Named Plaintiff in the State Court Action**

Again, Defendants seek to assert issue preclusion against Greenspan who was a plaintiff in the state court action.  *City of San Mateo,* 2008 WL 4774931 at *4; *Lumpkin*, 49 Cal. App. 4th at 1230 (finding that privity was "most easily established" as the plaintiff was also the plaintiff in the prior proceeding).

### F.    **Applying Collateral Estoppel to Bar the § 14(a) Claim as to Greenspan Promotes Judicial Economy, Prevents Inconsistent Judgments, and Prevents Harassment by Vexatious Litigation**

Applying collateral estoppel to bar Greenspan's participation in a class asserting a § 14(a) claim furthers the policies underlying collateral estoppel.  The doctrine of collateral estoppel is based on the sound public policy of limiting litigation by preventing a party who has had one fair shot at an issue from again drawing it into controversy.  Here, the very same conduct and issue that were fully assessed by the state court and resulted in a judgment against Greenspan is the basis for the instant federal action.  *See also Alpha,* 133 Cal. App. 4th at 1333-34 (finding that public policies which underlie the collateral estoppel doctrine—promoting judicial economy, preventing inconsistent judgments, and preventing harassment by vexatious litigation—were advanced by applying collateral estoppel).

## V.    **CONCLUSION**

Based on the foregoing, Greenspan is barred by res judicata from re-litigating the breach of fiduciary duty claim, and by collateral estoppel from re-litigating the issue of whether the 2005 Merger Proxy adequately disclosed material information, a necessary element of his § 14(a) claim.  The breach of fiduciary duty, § 14(a), and

17

DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(B)(6)

\\\025182/000005 - 55647 v3

1    § 20(a) claims should therefore be dismissed as to Greenspan, and Greenspan

2    should be excluded from the plaintiff class.

3

4    Dated:     August 10, 2010          Hogan Lovells US LLP
                                         Julie Ann Shepard
5                                        Elizabeth A. Moriarty

6                                        By:   Richard L. Stone By BJ
                                              _____
7                                             Richard L. Stone
                                         Attorneys for Defendants
8                                        Brett Brewer, Daniel Mosher, Lawrence
                                         Moreau, Richard Rosenblatt, James
9                                        Quandt, and William Woodward

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    18      DEFENDANTS' MOTION TO DISMISS
                                            UNDER FRCP 12(B)(6)