ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
RANDALL J. BARON (150796)
ELLEN GUSIKOFF STEWART (144892)
DAVID T. WISSBROECKER (243867)
EUN JIN LEE (264208)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
elleng@rgrdlaw.com
dwissbroecker@rgrdlaw.com
elee@rgrdlaw.com

Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JIM BROWN, Individually and On Behalf of All Others Similarly Situated, | ) No. 2:06-cv-03731-GHK-SH |
| Plaintiff, | ) CLASS ACTION |
| vs. | ) STIPULATION OF SETTLEMENT |
| BRETT C. BREWER, et al., | ) |
| Defendants. | ) |

The parties to the above-captioned consolidated action (the "Action"), by and through their undersigned attorneys, hereby submit this Stipulation of Settlement dated December 23, 2010 (with the exhibits attached hereto, the "Stipulation") for the Court's approval. This Stipulation is intended to fully, finally and forever resolve and settle the Action, upon and subject to the terms and conditions hereof (the "Settlement").

## I.      HISTORY OF THE LITIGATION

Plaintiff was, at all relevant times, a shareholder of Intermix Media, Inc. ("Intermix" or the "Company"), formerly known as eUniverse Inc. ("eUniverse"), a Delaware corporation with principal executive offices located in Los Angeles, California.

Intermix announced on July 18, 2005 that it had agreed to be acquired by News Corporation ("News Corp.") in exchange for $12 per share (the "Acquisition"). Litigation challenging the Acquisition was filed in the Superior Court of California, County of Los Angeles, which litigation was dismissed by the court. The dismissal was affirmed by the California Court of Appeals, and a writ of certiorari was denied by the California Supreme Court.

On August 25, 2005, Intermix disseminated a proxy statement ("Proxy") describing, and seeking shareholder approval of the Acquisition. The Acquisition closed in September 2005. This class action challenging the proposed transaction was filed on June 14, 2006. Lead Counsel and Lead Plaintiff were appointed by Order dated September 19, 2006.

On August 24, 2006, Plaintiff filed his Amended Complaint alleging violations of §14(a) of the Securities Exchange Act of 1934, and Rule 14a-9 promulgated thereunder, §20 of the Securities Exchange Act of 1934, breach of fiduciary duty and aiding and abetting such alleged breach, and unjust enrichment. A second amended

\\\LA - 025182/000005 - 481983 v1
590991_1

complaint was filed on September 26, 2006.  On October 19, 2006, Defendants filed motions to dismiss that complaint, which were opposed by Plaintiff.

On February 13, 2007, the case was transferred to this Court, and consolidated with a prior litigation filed in 2002 stemming from Intermix's financial statement restatement in 2003 (the "*LeBoyer* action").

On June 11, 2007, the Court ordered Plaintiffs' Counsel to file a consolidated complaint, integrating the allegations of the *LeBoyer* action with Plaintiff's allegations.  The Court denied as moot Defendants' previously-filed motions to dismiss, and ordered the parties to jointly brief any motion and opposition to dismiss the consolidated complaint.  The *LeBoyer* action's substantive allegations were moot, and therefore the Consolidated Amended Complaint (the "CFAC") did not include any of those allegations.

On October 11, 2007, the Parties filed their joint brief on Defendants' motion to dismiss the CFAC.

On January 17, 2008, the Court issued its Order Re: Defendants' Motion to Dismiss, which denied in part, and granted in part, Defendants' motion, with leave to amend on certain claims.

On February 8, 2008, Plaintiff filed his Consolidated Second Amended Complaint ("CSAC").  On February 28, 2008, Defendants filed motions to dismiss the CSAC, and on March 28, 2008, Plaintiff filed his oppositions to the motions.  On July 14, 2008, the Court denied in part and granted in part Defendants' motion.

On November 14, 2008, Plaintiff moved for class certification, which motion was opposed by Defendants.  Following extensive briefing, on June 22, 2009, the Court certified the Class.[1]  On November 13, 2009, the Court granted the Parties' Joint

---

[1]     The Class was defined as "all holders of Intermix Media, Inc. common stock, from July 18, 2005 through the consummation of the sale of Intermix to News Corp. at the price of $12.00 per share on September 30, 2005, who were harmed by defendants' improper conduct at issue in the litigation.  Excluded from the Class are

\\\LA - 025182/000005 - 481983 v1

590991_1

Motion to Approve the Form and Manner of Class Notice, and beginning on November 20, 2009, the Notice Administrator mailed 3,276 copies of the Court-approved Notice of Pendency of Class Action to Class Members.

Beginning in late 2008, the parties began conducting merits discovery, and overall 141,448 pages of documents were produced by Defendants and third parties. In addition, Plaintiffs took 25 depositions. The parties also retained experts and exchanged expert reports.

On November 11, 2008, the Court denied Defendants' motion for partial summary judgment. On October 19, 2009, the Parties each moved for summary judgment. Following extensive briefing, on July 17, 2010, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment, and denying Plaintiff's motion for summary adjudication.

In 2009, the Parties attempted, in two sessions, to mediate a resolution of the case before the Honorable Alexander H. Williams, III, but were unsuccessful. On October 21, 2010, the Parties held another mediation session, this time before Antonio Piazza, Esq. and following a full day of negotiations, reached an agreement-in-principle to resolve the litigation for $45 million in cash.

In reaching this agreement, the Parties considered the facts developed through discovery, the relevant law, and the time and expense that would be incurred by further litigation in this matter and the uncertainties inherent in such litigation.

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Action. Defendants individually and collectively expressly have denied and continue to deny all charges of wrongdoing or liability against him or them arising out of any of the conduct, statements, acts, or

---

defendants and any person, firm, trust, corporation or other entity related to or affiliated with any defendant."

\\\LA - 025182/000005 - 481983 v1
590991_1

omissions alleged, or that could have been alleged, in the Action relating to the Acquisition or the Proxy. Defendants individually and collectively believe that he or they acted properly and in compliance with his or their fiduciary duties at all times and believe that the Proxy contained all material information required to be disclosed.

In light of the aforementioned investigation, events and negotiations described above, and analysis of applicable law, Plaintiff and Plaintiffs' Counsel have concluded that a settlement of the Action on the terms reflected in this Stipulation is fair, reasonable and adequate and in the best interests of Plaintiff and the other members of the Class.

NOW, THEREFORE, it is hereby stipulated and agreed, by and among the Parties thereto, as follows:

## 1.     Definitions

As used in this Stipulation, the following capitalized terms shall have the following meanings:

1.1     "Affiliated Person" means the members of the immediate families of each Defendant and the respective heirs, administrators, executors and assigns of each Defendant.

1.2     "Authorized Claimant" means a Class Member who submits a valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, which claim is approved for payment from the Net Settlement Fund.

1.3     "Claim" means a completed and signed Proof of Claim form submitted to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

1.4     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached as Exhibit A-2 hereto, that must be completed in order to seek to share in the distribution of the Net Settlement Fund.

\\\LA - 025182/000005 - 481983 v1
590991_1

1.5    "Claimant" means a person or entity that submits a claim form to the Claims Administrator seeking to share in the proceeds of the Settlement Fund.

1.6    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.7    "Class" means the defined Class as certified by the Court in its June 22, 2009 Order granting Plaintiff's motion for class certification, *i.e.*, all holders of Intermix Media, Inc. common stock from July 18, 2005 through the consummation of the sale of Intermix to News Corp. at the price of $12.00 per share on September 30, 2005, and who were damaged thereby.  Excluded from the Class are Defendants and any Affiliated Person of any Defendant, as well as Brad Greenspan, members of his immediate family, and any trusts or entities in which he is an owner, trustee or beneficiary.  Also excluded from the Class are those Persons who timely and validly already requested exclusion or timely and validly request exclusion in accordance with the requirements set forth in the Notice.

1.8    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in Paragraph 1.7 herein who did not timely and validly exclude themself in accordance with the Notice of Pendency of Class Action mailed to former Intermix shareholders in November and December 2009.

1.9    "Court" means the United States District Court for the Central District of California.

1.10   "Defendants" means Brett Brewer, Daniel Mosher, Lawrence Moreau, David Carlick, Andrew Sheehan, Richard Rosenblatt, James Quandt and William Woodward.

1.11   "Defendants' Counsel" means the firms of Orrick Herrington & Sutcliffe, LLP and Hogans Lovells US LLP.

1.12   "Effective Date" means the date upon which all of the conditions set forth in Paragraph 9.4 below shall have been satisfied.

- 5 -

1.13   "Escrow Account" means an interest bearing account which shall be under the exclusive control of Plaintiffs' Counsel and the jurisdiction of the Court.

1.14   "Escrow Agent" means the firm of Robbins Geller Rudman & Dowd LLP and its successor(s).

1.15   "Final" when referring to an order or judgment means: (i) that the time for appeal or appellate review of the order or judgment has expired; or (ii) if there has been an appeal, (a) that the appeal has been decided without causing a material change in the order or judgment: or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari. Any proceeding, order, or any appeal pertaining solely to the attorneys' fees award or Litigation Expenses shall not in any way delay or preclude any other order or judgment from becoming final.

1.16   "Judgment" means the proposed Final Judgment and Order of Dismissal in the form of Exhibit B attached hereto, or materially in the form of Exhibit B as modified pursuant to agreement of the Parties.

1.17   "Litigation Expenses" means the costs and expenses, including the fees of any experts or consultants, incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Plaintiffs' Counsel intend to apply to the Court for payment from the Settlement Fund.

1.18   "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any payment for time and expenses undertaken by Plaintiffs; and (v) any attorneys' fees awarded by the Court.

1.19   "Notice" means the Notice of Proposed Settlement of Class Action that is to be sent to members of the Class substantially in the form of Exhibit A-1 attached hereto or as modified pursuant to agreement of the Parties or order of the Court.

- 6 -

1.20   "Notice and Administration Costs" means the costs, fees and expenses that are incurred in connection with (i) providing notice to the Class; and (ii) administering the Claims process.

1.21   "Parties" means Defendants and Plaintiffs.

1.22   "Person" means any individual, corporation, partnership, limited liability company, limited liability partnership, limited partnership, affiliate, joint stock company, estate, legal representative, trust, association, unincorporated association, governmental entity and any political subdivision thereof, or any type of business, personal, political or legal entity, and any and all of their successors and assigns.

1.23   "Plaintiff" means Jim Brown.

1.24   "Plaintiff's Counsel" means Plaintiff's Lead Counsel and all other counsel who, at the direction and under the supervision of Plaintiff's Lead Counsel, represent Class Members in the Action.

1.25   "Plaintiff's Lead Counsel" means the law firm Robbins Geller Rudman & Dowd LLP.

1.26   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

1.27   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving this Stipulation and directing that notice be provided to the Class.

1.28   "Publication Notice" means the Summary Notice of Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.29   "Released Persons" means Defendants and their respective immediate families, insurers, attorneys (whether Defendants' Counsel or otherwise), advisors (including, but not limited to, the investment banks, Thomas Weisel Partners and Montgomery & Co.), legal representatives, heirs, executors, administrators, agents,

- 7 -

1   and any and all of their successors and assigns, as well as News Corporation and its

2   affiliates, VantagePoint Venture Partners, VP Alpha Holdings IV L.L.C.,

3   VantagePoint Venture Partners IV (Q) L.P., VantagePoint Venture Partners IV L.P.,

4   VantagePoint Venture Partners IV Principals Fund L.P., all other VantagePoint related

5   funds and entities, and all current and former general and limited partners, members,

6   principals, officers, directors, employees, agents, advisors, accountants, auditors,

7   affiliates, predecessors, successors, parents, subsidiaries, divisions, assigns, and

8   attorneys for any VantagePoint related fund or entity.

9       1.30   "Released Persons' Claims" means any and all claims, rights or causes of

10  action or liabilities whatsoever, whether based on federal, state, local, statutory or

11  common law or any other law, rule or regulation, including both known claims and

12  Unknown Claims (as defined below), that have been or could have been asserted in

13  the Action or any forum by the Released Persons or any of them or the successors and

14  assigns of any of them against the Plaintiff, any other Class Members or any of their

15  attorneys, which arise out of or relate in any way to the institution, prosecution, or

16  settlement of the Action (except for claims to enforce the Settlement).

17      1.31   "Settled Claims" means any and all claims (including any "Unknown

18  Claims" as defined below), demands, losses, rights, causes of action, liabilities,

19  obligations, judgments, suits, matters and issues of any kind or nature whatsoever for

20  any remedy, including damages or, injunctive relief that have been asserted, could

21  have been asserted, or could be asserted in the future by any Class Member in the

22  Action or in any court, tribunal, forum or proceeding (including, but not limited to,

23  any claims arising under federal, state or foreign law, common law, statute, rule, or

24  regulation relating to alleged fraud, breach of any duty, negligence, violation of the

25  federal securities law, or otherwise, and including all claims within the exclusive

26  jurisdiction of the federal courts), whether individual, class, direct, derivative,

27  representative, legal, equitable or any other type or in any other capacity, against the

28

- 8 -

Released Persons (or any of them) that have arisen, could have arisen, arise now or hereafter arise from, or relate in any manner to, the allegations, conduct, facts, events, transactions, acts, occurrences, statements, representations, omissions or any other matter, thing or cause whatsoever, referred to by, set forth in, or arising out of (i) the Acquisition, (ii) the Proxy, (iii) any pleading filed in the Action that purports to assert any claim, all of which are incorporated herein; and (iv) any allegations made in the Action, whether such allegations were set forth in a pleading filed with the Court or otherwise.  Settled Claims do not include any claims (i) of any stockholder who has validly opted out of the Settlement, or (ii) arising from the performance or non-performance of the Settlement terms.

1.32  "Settlement" means the settlement set forth in this Stipulation.

1.33  "Settlement Amount" means the amount of Forty-Five Million Dollars ($45,000,000) in cash paid into the Escrow Account pursuant to the provision of Paragraph 2(a) of this Stipulation.

1.34  "Settlement Fund" means the Settlement Amount plus all interest earned thereon.

1.35  "Settlement Hearing" means the hearing to be held by the Court to determine whether the Settlement should be approved as fair, reasonable and adequate.

1.36  "Taxes" means: (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Plaintiffs' Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

1.37  "Unknown Claims" means any and all Settled Claims that Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any and all Released Persons Claims that any

- 9 -

1   Released Person does not know or suspect to exist in his, her or its favor, which if
2   known by him, her or it might have affected his, her or its decision(s) with respect to
3   the Settlement.  With respect to any and all Settled Claims and any and all Released
4   Persons' Claims, the parties stipulate and agree that upon the Effective Date, Plaintiff
5   and Defendants shall expressly waive, and every other Class Member and every other
6   Released Person shall be deemed to have waived, and by operation of the Judgment
7   shall have expressly waived, any and all provisions, rights and benefits conferred by
8   any law of any state or territory of the United States, or principle of common law, that
9   is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

10                A general release does not extend to claims which the creditor does not
11                know or suspect to exist in his or her favor at the time of executing the
12                release, which if known by him or her must have materially affected his
13                or her settlement with the debtor.

14   Plaintiff and Defendants acknowledge, and every other Class Member and every other
15   Released Person by operation of law shall be deemed to have acknowledged, that the
16   inclusion of "Unknown Claims" in the definition of Settled Claims and Released
17   Persons' Claims was separately bargained for and was a material element of the
18   Settlement.

19        **2.    Settlement Terms**

20        2.1    In consideration for the Settlement and dismissal with prejudice of the
21   Action and the releases provided for herein, $45 million in cash shall be paid into the
22   Escrow Account as set forth in the Supplemental Agreement the later of ten (10)
23   business days after preliminary approval of the Settlement by the Court or receipt of
24   wiring instructions from Plaintiff's Lead Counsel.  If the Settlement Amount is due,
25   but not timely and fully paid, the unpaid amount shall bear interest at three (3) percent
26   per annum from the date it was due until paid.  For the avoidance of doubt, the deposit
27   of the Settlement Amount into escrow fulfills all of monetary obligations of

28                                        - 10 -

Defendants and the other Released Persons.  Once completed, Defendants and the other Released Persons shall have no additional monetary obligations to Plaintiff, any Class Member or Plaintiff's Counsel; and

**3.    Use of Settlement Fund**

3.1    The Settlement Fund shall be used to pay: (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court, (iv) any payment for time and expenses undertaken by Plaintiff, and (v) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, i.e., the Net Settlement Fund, shall be distributed to Authorized Claimants as provided below.

3.2    The Net Settlement Fund shall be distributed to Authorized Claimants as provided herein.  Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $100,000 may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States.

3.3    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Plaintiff's Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury

- 11 -

1   Regulation §1.468B¬2(k)) for the Settlement Fund.  Such returns shall be consistent

2   with this paragraph and in all events shall reflect that all taxes on the income earned

3   on the Settlement Fund shall be paid out of the Settlement Fund as provided by

4   paragraph 6 below.  Plaintiff's Lead Counsel shall also be solely responsible for

5   causing payment to be made from the Settlement Fund of any Taxes owed with

6   respect to the Settlement Fund.  Upon written request, Defendants will provide

7   promptly to Plaintiffs' Lead Counsel the statement described in Treasury Regulation

8   §1.468B-3(e).  Plaintiff's Lead Counsel, as administrators of the Settlement Fund

9   within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such

10  elections as are necessary or advisable to carry out this paragraph, including, as

11  necessary, making a "relation back election," as described in Treasury Regulation

12  §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the

13  earliest allowable date, and shall take or cause to be taken all actions as may be

14  necessary or appropriate in connection therewith.

15          3.4    All Taxes shall be paid out of the Settlement Fund, and shall be timely

16  paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in

17  the Escrow Agreement, and without prior Order of the Court.  Any tax returns

18  prepared for the Settlement Fund (as well as the election set forth therein) shall be

19  consistent with the previous paragraph and in all events shall reflect that all Taxes

20  (including any interest or penalties) on the income earned by the Settlement Fund

21  shall be paid out of the Settlement Fund as provided herein.  The Settlement Fund

22  shall indemnify and hold all Released Persons harmless for any Taxes and related

23  expenses of any kind whatsoever (including without limitation, taxes payable by

24  reason of any such indemnification), if any, payable by Defendants by reason of any

25  income earned on the Settlement Fund.  Any Defendant shall notify the Escrow Agent

26  promptly if he receives any notice of any claim for Taxes relating to the Settlement

27  Fund.

28

\\\LA - 025182/000005 - 481983 v1
590991_1

3.5    This is not a claims-made settlement.   Upon the occurrence of the Effective Date, none of the Defendants nor any person or entity who or which paid any portion of the Settlement Fund on any of their behalves shall have any right to the return of the Settlement Fund or any portion thereof irrespective of the number of Claims filed or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

3.6    The Claims Administrator shall discharge its duties under Plaintiff's Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as otherwise provided herein, the Released Persons shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any Person, including, but not limited to, the Class Members, in connection with any such administration. Plaintiff's Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim to those Members of the Class at the address of each such Person as set forth in the records of Intermix or its transfer agent(s), or who otherwise may be identified through further reasonable effort.   Plaintiff's Lead Counsel will cause to be published the Publication Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court.

3.7    Plaintiff's Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred.   Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.   In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration

- 13 -

1  Costs reasonably paid or reasonably incurred, including any related fees, shall not be

2  returned or repaid to any person or entity who or which paid any portion of the

3  Settlement Fund.

4  **4.    Releases**

5  4.1    The obligations incurred pursuant to this Stipulation shall be in full and

6  final disposition of the Action as against Defendants individually and collectively, and

7  shall fully and finally release any and all Settled Claims as against all Released

8  Persons and shall also release Plaintiffs, the other Members of the Class and their

9  attorneys from any and all Released Persons' Claims.

10  4.2    Pursuant to the Judgment, upon the Effective Date, Plaintiff and the other

11  Members of the Class on behalf of themselves, their heirs, executors, administrators,

12  predecessors, successors and assigns shall (i) have, and by operation of law shall be

13  deemed to have, fully, finally, and forever released, waived, discharged, settled,

14  relinquished and dismissed any and all Settled Claims; and (ii) shall forever be

15  enjoined and barred from instituting or prosecuting any or all Settled Claims against

16  any Released Person.

17  4.3    Pursuant to the Judgment, upon the Effective Date, Defendants and each

18  of the other Released Persons, on behalf of themselves, their respective heirs,

19  executors, administrators, predecessors, successors and assigns, shall (i) have, and by

20  operation of law shall be deemed to have, fully, finally, and forever released, waived,

21  discharged settled, relinquished, and dismissed any and all of the Released Persons'

22  Claims, and (ii) shall forever be enjoined from instituting or prosecuting any or all of

23  the Released Persons' Claims, against Plaintiff, the other Class Members and their

24  attorneys.

25

26

27

28

- 14 -

\\\LA - 025182/000005 - 481983 v1
590991_1

**5.     Order for Notice and Hearing on Settlement of Class Action**

5.1     The Parties shall jointly move the Court for the entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, or as modified pursuant to agreement of the Parties and order of the Court.

**6.     Order and Final Judgment**

6.1     If the Court approves the Settlement (including any modification thereto made with the consent of the Parties) following notice and a hearing as fair, reasonable, adequate and in the best interests of the Class, the Parties shall jointly request that the Court enter the Judgment substantially in the form attached hereto as Exhibit B, or as modified pursuant to agreement of the Parties.

**7.     Claims Administrator**

7.1     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying claims under Plaintiff's Lead Counsel's supervision and subject to the jurisdiction of the Court.  Neither any Defendant, nor any other Released Person shall have any responsibility whatsoever for the administration of the Settlement or the claims process and shall have no liability whatsoever to any Person, including, but not limited to, Plaintiff, Class Members or Plaintiff's Lead Counsel in connection with such administration.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

7.2     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

- 15 -

7.3    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation or the Settlement that any particular plan of allocation be approved by the Court.  Plaintiff and Plaintiff's Lead Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  Neither any Defendant, nor any other Released Person, shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund.

7.4    Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Person concerning any Settled Claim.

7.5    Plaintiff's Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund. Neither any Defendant, nor any other Released Person, shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Neither any Defendant, nor any other Released Person, shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Plaintiff's Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member. Plaintiff's Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

\\LA - 025182/000005 - 481983 v1
590991_1

7.6     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Claim Form, substantially in the form attached as Exhibit A-2 hereto, supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Plaintiff's Lead Counsel, in their discretion. may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning any Settled Claim.  A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiff's Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator,

- 17 -

1 under supervision of Plaintiff's Lead Counsel, shall notify, in a timely fashion and in

2 writing, all Claimants whose Claim the Claims Administrator proposes to reject in

3 whole or in part, setting forth the reasons therefor, and shall indicate in such notice

4 that the Claimant whose claim is to be rejected has the right to a review by the Court if

5 the Claimant so desires and complies with the requirements of subparagraph (e)

6 below; and

7         (e)    If any Claimant whose claim has been rejected in whole or in part

8 desires to contest such rejection, the Claimant must, within twenty (20) days after the

9 date of mailing of the notice required in subparagraph (d) above, serve upon the

10 Claims Administrator a notice and statement of reasons indicating the Claimant's

11 grounds for contesting the rejection along with any supporting documentation, and

12 requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be

13 otherwise resolved, Plaintiff's Lead Counsel shall thereafter present the request for

14 review to the Court.

15     7.7    Each Claimant shall be deemed to have submitted to the jurisdiction of

16 the Court with respect to the Claimant's Claim, and the Claim will be subject to

17 investigation and discovery under the Federal Rules of Civil Procedure, provided that

18 such investigation and discovery shall be limited to that Claimant's status as a Class

19 Member and the validity and amount of the Claimant's Claim. No discovery shall be

20 allowed on the merits of this Action or this Settlement in connection with the

21 processing of Claim Forms.

22     7.8    All Class Members whose Claims are not approved by the Court shall be

23 barred from participating in distributions from the Net Settlement Fund, but otherwise

24 shall be bound by all of the terms of this Stipulation and the Settlement, including the

25 terms of the Judgment to be entered in this Action and the releases provided for

26 therein, and will be permanently barred and enjoined from bringing any action against

27 any and all Released Persons concerning any and all of the Settled Claims.

28

- 18 -

7.9    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiff's Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.   Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization designated by Plaintiff's Lead Counsel.

7.10   All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**8.    Attorneys' Fees and Litigation Expenses**

8.1    Plaintiff's Lead Counsel may submit, and Defendants will not oppose, an application (the "Fee and Expense Application") for distributions to them from the Settlement Fund of: (a) an award of attorneys' fees plus payment of Litigation Expenses, plus any interest on such attorneys' fees and expenses at the same net rate and for the same periods as earned by the Settlement Fund (until paid); and (b) payment for time and expenses undertaken by Plaintiff.  The determination as to the amount of any attorneys' fees and payment of Litigation Expenses, and payment for time and expenses undertaken by Plaintiff, and any interest to be awarded. will be made by the Court.

8.2    Any attorneys' fees and Litigation Expenses, as awarded by the Court (the "Fee and Expense Award"), shall be paid to Plaintiff's Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections

- 19 -

1  thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any
2  part thereof.  In the event that the Effective Date does not occur, or the Judgment or
3  the order making the Fee and Expense Award is reversed or modified, or the
4  Stipulation is canceled or terminated for any other reason, then within five (5)
5  business days from receiving notice thereof from Defendants' Counsel or from a court
6  of appropriate jurisdiction, Plaintiff's Lead Counsel shall refund to the Settlement
7  Fund the Fee and Expense Award previously paid to them from the Settlement Fund
8  plus interest thereon at the same net rate as earned on the Settlement Fund in an
9  amount consistent with such reversal or modification.

10     8.3    A Fee and Expense Award is not a condition of this Stipulation or the
11  Settlement.  Plaintiff and Plaintiff's Lead Counsel may not cancel or terminate the
12  Stipulation or the Settlement based on this Court's or any appellate court's ruling with
13  respect to attorneys' fees and/or Litigation Expenses.

14     8.4    Plaintiff's Lead Counsel shall allocate the attorneys' fees amongst
15  Plaintiff's Counsel in a manner in which they in good faith believe reflects the
16  contributions of such counsel to the prosecution and settlement of the Action with
17  Defendants.  Defendants and the other Released Persons shall have no responsibility
18  for or liability with respect to any such allocation.  Defendants and the other Released
19  Persons shall have no responsibility for or liability with respect to any payment of
20  attorneys' fees, payment of Litigation Expenses, or payment for time and expenses
21  undertaken by Plaintiffs, other than a Court approved payment from the Settlement
22  Fund.

23     **9.    Conditions of Settlement**

24     9.1    This Stipulation and the Settlement provided for herein is subject to and
25  contingent upon the occurrence of the Effective Date and dismissal of the Action in its
26  entirety with prejudice and without awarding costs to any Party (except those costs
27  provided for in this Stipulation).

28

\\\LA - 025182/000005 - 481983 v1
590991_1

9.2    Pending Final Court Approval, Plaintiff and all Members of the Class, or any of them, shall be barred and enjoined by Order of the Court from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Settled Claims against any of the Released Persons.  The Parties agree to use their best efforts to prevent, stay or seek dismissal of, and oppose entry of any interim or final relief in favor of any Member of the Class in any other litigation against any of the Released Persons that challenges the Settlement, the Acquisition, or otherwise involves, without limitation, any of the Settled Claims.

9.3    This Stipulation shall be null and void and of no force and effect should the conditions set forth herein not be met.  In such event, the terms and provisions shall not be used in the Action or in any other proceeding for any other purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  Moreover, in such event, the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action or any other action or proceeding, nor to entitle any Party to the recovery of costs and expenses incurred to implement this Stipulation.  Additionally, if such event occurs, any preliminary findings by the Court in connection with the Settlement shall be null and void and shall not be used in the Action or in any other action or proceeding or any other purpose.

9.4    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    The contribution to the Settlement Fund as required by ¶2.1 hereof has timely been made;

(b)    the Court has entered the Preliminary Approval Order substantially in the form of Exhibit A attached hereto;

- 21 -

WLA - 025182/000005 - 481983 v1
590991_1

   (c) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

   (d) the Judgment has become Final, as defined in ¶1.5 hereof.

 9.5 Upon the occurrence of all of the events referenced in ¶9.4 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶9.4 hereof are not met, then the Stipulation shall be canceled and terminated unless Plaintiff's Lead Counsel, Defendants and News Corp. unanimously agree in writing to proceed with the Stipulation.

 9.6 Plaintiff and Defendants agree that News Corp. may appear in the case and/or intervene in the case to enforce the Stipulation and/or the Supplemental Agreement.

 9.7 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by Defendants' Counsel to Plaintiff's Lead Counsel, subject to the terms of ¶9.8 hereof, the Settlement Fund (including accrued interest), less Taxes and less expenses and any costs which have either been disbursed or incurred pursuant to ¶3.7 hereof as Notice and Administration Costs, plus any Fee and Expenses Award (including accrued interest at the same net rate as earned by the Settlement Fund) (pursuant to ¶8.1 hereof) shall be refunded by Plaintiff's Lead Counsel pursuant to written instructions from Defendants' Counsel.

 9.8 If the Effective Date does not occur neither the Plaintiff nor Plaintiff's Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed or incurred as Notice and Administration Costs.  Any expenses already incurred and properly chargeable as Notice and Administration Costs at the time of such termination or cancellation, but which have not been paid, shall be paid from the

- 22 -

\\\LA - 025182/000005 - 481983 v1
590991_1

1 Settlement Fund in accordance with the terms of the Stipulation prior to the balance

2 being refunded in accordance with ¶9.7 hereof.

3     **10.   No Admission of Wrongdoing**

4     10.1  Each of the Defendants has denied and continues to deny having

5 committed or attempted to commit any violations of law or breaches of duty of any

6 kind or aided or abetted any breaches of any duty.  Defendants individually and

7 collective believe that he and they acted properly and in compliance with his and their

8 fiduciary duties at all times and believe that the Proxy contained all material

9 information required to be disclosed.  Defendants have entered into the Stipulation

10 solely to eliminate the burden, risk and expense of further litigation, and to fully and

11 finally resolve all Settled Claims.

12     10.2  This Stipulation and all negotiations, discussions and proceedings in

13 connection herewith shall not be deemed or constitute a presumption, concession or an

14 admission by any Party of any fault, liability or wrongdoing by any of them, and shall

15 not be interpreted, construed, deemed, offered or received in evidence or otherwise

16 used by any Person in the Action or in any other action or proceeding, whether civil,

17 criminal or administrative, except in connection with any proceeding to enforce the

18 terms of this Stipulation.  If the Settlement does not receive Final Approval, the

19 Parties shall revert to their respective litigation positions as of October 21, 2010 as if

20 this Stipulation never existed.  Any Defendant and each other Released Person may

21 file the Stipulation and/or the Judgment in any action that may be brought against him,

22 her or them in order to support a defense or counterclaim based upon principles of *res*

23 *judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction,

24 or any other theory of claim preclusion or issue preclusion or similar defense or

25 counterclaim.

26     10.3  This Stipulation and all negotiations, discussions and proceedings in

27 connection herewith shall not be construed against any of the Defendants, other

28

- 23 -

Released Persons, the Plaintiff or any other Class Member as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor shall it be construed against Plaintiff or any other Class Member as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Amount.

**11.    Miscellaneous Provisions**

11.1    This Stipulation, the Exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties with respect to the subject matter hereof, and may not be amended or modified, nor any of its provisions waived, except by a writing signed by all of the signatories hereto.

11.2    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.3    The administration and consummation of this Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Lead Counsel and enforcing the terms of this Stipulation.

11.4    This Stipulation, and all rights and powers granted hereby, shall be binding on and inure to the benefit of the Parties hereto (including all members of the Class) and their respective agents, executors, heirs, successors, affiliates and assigns.

11.5    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and shall be governed by, the internal substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

- 24 -

\\\LA - 025182/000005 - 481983 v1
590991_1

11.6   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

11.7   This Stipulation will be executed by counsel for the Parties, each of whom represent and warrant that he or she has the authority from his or her clients to enter into this Stipulation.

11.8   The Parties and their counsel agree to cooperate fully with one another in seeking the Court's approval of the Settlement.

11.9   The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against any of the Released Persons with respect to the Settled Claims.  The Parties agree that the terms of the Settlement were negotiated at arm's length in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

11.10 While the Defendants individually and collectively deny that the claims advanced in the Action are meritorious, the Defendants will not contend that, based upon the publicly available information at the time, the Action was not filed in good faith or was not filed in accordance with applicable laws.

11.11 The Parties will jointly request that the Judgment contain a finding that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws or rules.

11.12 All agreements made or orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

- 25 -

1    11.13 Plaintiff, Plaintiff's Counsel, Defendants and Defendants' counsel shall

2  not issue a press release or initiate any other form of publicity announcing the

3  settlement.

4    11.14 This Stipulation may be signed in any number of counterparts with the

5  same effect as if the signatures thereto and hereto were upon the same instrument.

6  Signed signature pages of this Stipulation may be delivered by facsimile, e-mail or

7  PDF transmission, which will constitute complete delivery without any necessity for

8  delivery of originally signed signature pages in order for this to constitute a binding

9  agreement.

10    11.15 All of the exhibits attached hereto are material and integral parts hereof

11  and are incorporated by reference as if set forth herein verbatim, and the terms of all

12  exhibits are expressly made part of this Stipulation.

13    11.16 The waiver by any Party of any breach of this Stipulation shall not be

14  deemed or construed as a waiver of any other breach of this Stipulation, whether prior,

15  subsequent or contemporaneous.

16    IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be

17  executed, by their duly authorized attorneys, dated December 23, 2010.

18    ROBBINS GELLER RUDMAN
    & DOWD LLP
19    DARREN J. ROBBINS
    RANDALL J. BARON
20    ELLEN GUSIKOFF STEWART
    DAVID T. WISSBROECKER
21    EUN JIN LEE

22

23    _____
    ELLEN GUSIKOFF STEWART
24

25

26

27

28                              - 26 -

\\\LA - 025182/000005 - 481983 v1
590991_1

1

2          655 West Broadway, Suite 1900
           San Diego, CA 92101
3          Telephone: 619/231-1058
           619/231-7423 (fax)

4          Lead Counsel for Plaintiff

5          THE LAW OFFICES OF
             CHRISTY GOODMAN
6          CHRISTY W. GOODMAN
           3327 Dumas Street
7          San Diego, CA 92106
           Telephone: 619/793-8259
8          619/758-0635 (fax)

9          Attorneys for Plaintiff

10         HOGAN LOVELLS US LLP
           RICHARD L. STONE
11         JULIE ANN SHEPARD
           ELIZABETH A. MORIARTY

12

13

14                     RICHARD E. STONE

15         1999 Avenue of the Stars,, Suite 1400
           Los Angeles, CA 90067
16         Telephone: 310/785-4600
           310/785-4601 (fax)

17

18         Attorneys for Defendants Brett Brewer,
           Daniel Mosher, Lawrence Moreau,
19         Richard Rosenblatt, James Quandt, and
           William Woodward

20

21

22

23

24

25

26

27

28
                              – 27 –

WLA - 025182/000005 - 481983 v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON
  & SUTCLIFFE, LLP
MICHAEL D. TORPEY
JAMES N. KRAMER
STEPHEN M. KNASTER

_JAMES N. KRAMER_

The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  415/773-5700
415/773-5759 (fax)

Attorneys for Defendants
David S. Carlick and Andrew Sheehan

- 28 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 23, 2010.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

29

# Mailing Information for a Case 2:06-cv-03731-GHK -SH

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall J Baron**
  randyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rebecca M Couto**
  rebecca.couto@lw.com

- **Asheley G Dean**
  asheley.dean@hoganlovells.com,LA-Records@hhlaw.com,dolores.valencia@hoganlovells.com

- **Christy W Goodman**
  c.w.goodman@sbcglobal.net

- **Bety Javidzad**
  bety.javidzad@hoganlovells.com,LA-Docketing@hoganlovells.com

- **Stephen M Knaster**
  sknaster@orrick.com

- **James N Kramer**
  jkramer@orrick.com,jthompson@orrick.com

- **Amy A Laughlin**
  alaughlin@orrick.com

- **Teodora Manolova**
  tmanolova@orrick.com

- **Elizabeth A Moriarty**
  elizabeth.moriarty@hoganlovells.com,pdelarosa@hhlaw.com,bea.goncalves@hoganlovells.com,cmelias@hhlaw.com

- **Pamela S Palmer**
  pamela.palmer@lw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Julie A Shepard**
  julie.shepard@hoganlovells.com,LA-Docketing@hoganlovells.com,LA-Records@hoganlovells.com

- **George A Shohet**
  georgeshohet@gmail.com

- **Richard Lee Stone**
  richard.stone@hoganlovells.com,maria.reyes@hoganlovells.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **David T Wissbroecker**
  dwissbroecker@rgrdlaw.com,e_file_sd@rgrdlaw.com

### Manual Notice List

**3 0**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Erin Bansal**
Orrick Herrington and Sutcliffe
405 Howard Street
San Francisco, CA 94105

**Stephen J Oddo**
Lerach Coughlin Stoia Geller Rudman and Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101

**3 1**

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement | A |
| Notice of Settlement of Class Action | A-1 |
| Proof of Claim and Release Form | A-2 |
| Summary Notice of Pendency and Proposed Settlement of Class Action | A-3 |
| [Proposed] Judgment | B |