ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
RANDALL J. BARON (150796)
ELLEN GUSIKOFF STEWART (144892)
DAVID T. WISSBROECKER (243867)
EUN JIN LEE (264208)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
elleng@rgrdlaw.com
dwissbroecker@rgrdlaw.com
elee@rgrdlaw.com

Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JIM BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRETT C. BREWER, et al.,<br><br>　　　　　Defendants. | No. 2:06-cv-03731-GHK-SH<br><br>CLASS ACTION<br><br>REPLY MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS, AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES<br><br>DATE:　May 16, 2011<br>TIME:　9:30 a.m.<br>COURTROOM:　The Honorable George H. King |

621718_1

Plaintiff Jim Brown respectfully submits this reply memorandum in support of his motion for final approval of the settlement of the above-captioned litigation and the Plan of Allocation of settlement proceeds; and an award of attorneys' fees and expenses to Plaintiff's Lead Counsel, as well as an award to Plaintiff Jim Brown for his service to the Class. Following an extensive, Court-approved notice program in which over 10,000 Notices were mailed to Class Members, *see* accompanying Supplemental Declaration of Michael Joaquin Regarding Mailing the Notice of Settlement of Class Action and the Proof of Claim and Release Form, the only "objections" received to the Settlement were two letters emailed to Mr. Brown by Brad Greenspan, Intermix's founder and former Chairman and Chief Executive Officer, who has been before this Court in connection with Plaintiff's motion for class certification, on the last day for filing objections.[1] *See Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 U.S. Dist. LEXIS 49477, at *38 (N.D. Cal. Apr. 22, 2010) ("'the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members'") (citation omitted). "Thus, the Court 'may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'" *Id.* (citation omitted).

As the Court has undoubtedly noticed, the two "objections" are virtually identical in both format and argument, and neither provides evidence of Class membership, as required by the Notice of Settlement of Class Action (the "Notice"). Plaintiff's Lead Counsel has spoken with each of the objectors, in an effort to establish their membership in the Class. During the course of those discussions, each of the "objectors" admitted that Greenspan sent them the objections to sign, and then

---

[1] It is important to point out that the "objections" do not challenge the proposed Plan of Allocation, Plaintiff's Lead Counsel's fee and expense application, or the scope of the releases.

- 1 -

621718_1

they were filed by Greenspan. Neither of the "objectors" had much information about the case other than what they learned from Mr. Greenspan.

Aside from the fact that the objections are procedurally deficient for not providing proof of Class membership, substantively, the "objections" should be overruled, because (i) they are based on an inaccurate estimate of the recovery for Class Members; (ii) they misunderstand the quality of the recovery relative to the risk of proceeding to trial; and (iii) contrary to the allegations in the objections, Jim Brown has been an excellent class representative.

First, because Mr. Greenspan's nearly four million shares are excluded from the Class and because only shares held on July 18, 2005, the date of the announcement of the merger of Intermix with News Corp., and held continuously between that date and September 30, 2005, the closing of the transaction, are entitled to recover, the universe of eligible shares is significantly smaller than the objections claim it is.[2] Thus, those Class Members who submit valid claim forms will receive a significant per share recovery.[3]

Second, as detailed in the opening brief in support of the Settlement, and in the Declaration of Randall J. Baron in Support of Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds, and an Award of Attorneys' Fees and Expenses ("Baron Decl."), given the obstacles to recovery and the risks of continued litigation to trial, which included proving the existence of Defendants' bad faith, disloyalty, materially false and misleading statements, that those statements were made with scienter, the amount of damages, and the credibility

---

[2]   There were approximately 35 million shares of Intermix common stock outstanding at the time of the Acquisition.

[3]   Because the claims deadline has not yet passed, it is impossible at this point to estimate the number of shares that will claim into the fund. Nevertheless, with Greenspan's shares and the "in and out" shares out of the denominator, each Authorized Claimant will receive a proportionately larger recovery, perhaps as much as $3.25 per share before the award of attorneys' fees and expenses.

of the parties' experts and of the parties themselves, this Settlement is an excellent result for the Class and represents one of the largest recoveries in shareholder merger litigation. *See* Baron Decl., ¶¶165-168.

Finally, the objections improperly attack Mr. Brown and misstate his recovery in the litigation. Mr. Brown will receive his pro-rata share of the Net Settlement Fund based on the number of shares that claim into the Settlement. Thus, his recovery is equal to what other Class Members with an identical number of shares will receive. Moreover, while it is true that Mr. Brown has requested a modest $10,000 incentive award for his significant efforts on behalf of the Class, Mr. Brown has served the Class as the quintessential class representative since 2006. First, he was the only Class Member to come forward to seek to represent the Class. Second, he has responded to written discovery, provided his deposition, attended mediations, and has spoken regularly with counsel about case developments, more than fulfilling his obligations to the Class. Mr. Brown also deserves this award for putting up with behavior from Mr. Greenspan that can only be described as abusive. Mr. Brown has received scores of insulting and aggressive telephone calls and e-mails from Brad Greenspan over the last five years, in an unbelievable attempt to intimidate and scare him into withdrawing from the case.[4] Mr. Brown's service to the Class over the last several years is certainly deserving of this modest reward. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (incentive awards are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as private attorney general). *See also Garner*, 2010 U.S. Dist. LEXIS 49477, at *46-*47.

---

[4]     Attached as Exhibit 1 hereto is merely one of these e-mails.

621718_1

- 3 -

As set forth in the opening memoranda and the Baron Declaration submitted therewith, the Settlement reached here is an excellent one, and should be approved by the Court as fair, reasonable, and adequate. The proposed Plan of Allocation is similarly fair, reasonable, and adequate, and should be approved. Finally, the requested attorneys' fees and expenses, as well as the $10,000 award to Mr. Brown, should be approved as reasonable under the circumstances. The Class has had its opportunity to comment on these issues, and overwhelmingly supports the Settlement and counsel's requests.

DATED: May 2, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
RANDALL J. BARON
ELLEN GUSIKOFF STEWART
DAVID T. WISSBROECKER
EUN JIN LEE

       s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

LAW OFFICES OF CHRISTY
 GOODMAN
CHRISTY W. GOODMAN
3327 Dumas Street
San Diego, CA 92106
Telephone: 619/793-8259
619/758-0635 (fax)

Attorneys for Plaintiff

- 4 -

621718_1

# EXHIBIT 1

# Ellen Gusikoff

**From:** Randall Baron
**Sent:** Saturday, April 23, 2011 4:20 PM
**To:** Ellen Gusikoff
**Subject:** Fwd: Mr. Brown-
**Attachments:** 11-04-21 SHareholder Letter.pdf; ATT6727487.htm; Scan001.pdf; ATT6727488.htm

Sent from my iPhone

Begin forwarded message:

> **From:** "Jim Brown" <jbrown@primarycolorsinc.com>
> **Date:** April 23, 2011 1:49:45 PM PDT
> **To:** "Randall Baron" <RandyB@rgrdlaw.com>, "David Wissbroecker" <DWissbroecker@rgrdlaw.com>
> **Subject: FW: Mr. Brown-**
>
> ..'s been a while
>
> **From:** Brad Greenspan [mailto:bspan@earthlink.net]
> **Sent:** Saturday, April 23, 2011 12:15 AM
> **To:** Jim Brown
> **Subject:** Mr. Brown-
>
> Mr. Brown-
>
> There is widespread feeling that you have breached your fiduciary duty to shareholders by accepting a $10,000+ cash payment in the settlement in exchange for your approving a $500 or so settlement payment for your 1000 shares. (we estimate the current net $30million is about .50 cents per share for shareholders)
>
> See two objection letters from shareholders that have went to Judge late this week.
>
> Notice that one of the investors that objected and asked the Judge to replace the lead plantiff is the largest shareholder of the Class with 1.7 million shares ($2 billion dollar hedge fund Trafelet & Co.)
>
> The second investor whose objection letter I have forward is a savvy securities lawyer who has been a long time shareholder and is quite upset with the appearance of improprieties from your accepting a settlement that is .06 cents on the dollar from what the Class Action counsel stated to the NY Times was the value shareholders

should recover based on the $500-660 million damages expert report.

I hope you now understand that none of the shareholders appreciate what you have done to date and all of the shareholders are aware that you have willfully put your own selfish interests before your fiduciary duty.

Please let me know this weekend if you are willing to step down as lead plantiff and stop selfishly destroying and obstructing other shareholder's rights to receive a fair and equitable value for their share ownership with your wanton disregard for the facts that have been presented to you to date.

Its clear the shareholders who own much larger blocks of ownership and stock DO NOT WANT YOU INVOLVED ANY LONGER AS LEAD PLANTIFF.

They have told this to Judge in objection letters.

Therefore, I have agreed to work with and help Class Members who want you removed.

Therefore, you can do this voluntarily at this point or if you refuse, then the Class members will file a lawsuit against you and your removal will still occur and be a public spectacle with new liability for you personally.

Please respond back to me this weekend or we can set up a telephone call to discuss you VOLUNTARILY doing what the shareholders clearly want (you to be replaced with a new class representative).

If you agree to voluntarily resign as lead plantiff, we would be open to letting you keep your cash payments promised to you from lead counsel.

If you refuse to honor the clear affirmation of millions of shareholders vote that wants you out then the lawsuit we file against you personally will seek to stop your receipt of any monies as class representative, and seek further damages from your breaches of fiduciary duty and damages caused to underlying legal asset from your string of misdeeds.

Regards

Brad Greenspan


**From:** "David H. Wollins, Esq." <dhwollins@dhwpc-law.com>
**Date:** April 21, 2011 2:59:35 PM PDT
**To:** "'Brad Greenspan'" <bspan@earthlink.net>
**Subject: RE: letter attached**

6

**Reply-To:** <dhwollins@dhwpc-law.com>

Brad:

I changed address to my correct address (and left in "Former Address").

Keep me posted.

Please send me Jay's contact info.

Good luck,

David

David H. Wollins
David H. Wollins, P.C.
600 South Cherry Street, Suite 520
Denver, CO 80246-1709

Tel: (303) 758-8900
Fax: (303) 758-8111

email: dhwollins@dhwpc-law.com

* * * * *

E-MAIL NOTICE: The information contained in this email message (including any attachments) is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this communication in error and that any review, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and delete the original e-mail message.

* * * * *

7

5/2/2011

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 2, 2011.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      elleng@rgrdlaw.com

621718_1

8

# Mailing Information for a Case 2:06-cv-03731-GHK -SH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall J Baron**
  randyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rebecca M Couto**
  rebeccamcouto@gmail.com

- **Asheley G Dean**
  asheley.dean@hoganlovells.com,LA-Records@hhlaw.com,dolores.valencia@hoganlovells.com

- **Christy W Goodman**
  c.w.goodman@sbcglobal.net

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Bety Javidzad**
  bety.javidzad@hoganlovells.com,LA-Docketing@hoganlovells.com

- **Stephen M Knaster**
  sknaster@orrick.com

- **James N Kramer**
  jkramer@orrick.com,jthompson@orrick.com

- **Amy A Laughlin**
  alaughlin@orrick.com

- **Teodora Manolova**
  tmanolova@orrick.com

- **Elizabeth A Moriarty**
  elizabeth.moriarty@hoganlovells.com,pdelarosa@hhlaw.com,bea.goncalves@hoganlovells.com,cmelias@hhlaw.com

- **Pamela S Palmer**
  pamela.palmer@lw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Julie A Shepard**
  julie.shepard@hoganlovells.com,LA-Docketing@hoganlovells.com,LA-Records@hoganlovells.com

- **George A Shohet**
  georgeshohet@gmail.com

- **Richard Lee Stone**
  richard.stone@hoganlovells.com,maria.reyes@hoganlovells.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **David T Wissbroecker**
  dwissbroecker@rgrdlaw.com,e_file_sd@rgrdlaw.com

9

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Erin Bansal
Orrick Herrington and Sutcliffe
405 Howard Street
San Francisco, CA 94105

Stephen J Oddo
Lerach Coughlin Stoia Geller Rudman and Robbins
655 West Broadway, Suite 1900
San Diego, CA 92101
```

10

Jeff Faber, Chief Financial Officer
Trafelet & Company, LLC
590 Madison Avenue, 26th Floor
New York, NY  10022

David H. Wollins
c/o David H. Wollins, P.C.
600 South Cherry Street
Suite 520S
Denver, CO  80246

11