# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK U.S. DISTRICT COURT
MAY 17 2011
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge __King__
From: __Shea Bourgeois__, Deputy Clerk    Date Received: __5-16-11__
Case No.: __06-cv-3731 GHK (SHx)__ Case Title: __Jim Brown v. Brett Brewer__
Document Entitled: __Declaration of Jeff Faber in Support of App for leave to File Motion to Intervene__

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

- ☐ Local Rule 11-3.1   Document not legible
- ☐ Local Rule 11-3.8   Lacking name, address, phone and facsimile numbers
- ☐ Local Rule 11-4.1   No copy provided for judge
- ☐ Local Rule 19-1    Complaint/Petition includes more than ten (10) Does or fictitiously named parties
- ☐ Local Rule 15-1    Proposed amended pleading not under separate cover
- ☐ Local Rule 11-6    Memorandum/brief exceeds 25 pages
- ☐ Local Rule 11-8    Memorandum/brief exceeding 10 pages shall contain table of contents
- ☒ Local Rule 7.1-1   No Certification of Interested Parties and/or no copies
- ☒ Local Rule 6.1    Written notice of motion lacking or timeliness of notice incorrect
- ☐ Local Rule 56-1   Statement of uncontroverted facts and/or proposed judgment lacking
- ☐ Local Rule 56-2   Statement of genuine issues of material fact lacking
- ☐ Local Rule 7-19.1  Notice to other parties of ex parte application lacking
- ☐ Local Rule 16-6   Pretrial conference order not signed by all counsel
- ☐ FRCvP Rule 5(d)   No proof of service attached to document(s)
- ☒ Other: __Lacking App, order, motion, MAP, etc.__

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

---

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____     _____
Date                             U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

__5/17/11__                       __/s/__
Date                              U.S. District Judge / ~~U.S. Magistrate Judge~~

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

CV-104A (12/03)         NOTICE OF DOCUMENT DISCREPANCIES

GPO U.S. GOVERNMENT PRINTING OFFICE: 2007 672-579

BROWNE WOODS GEORGE LLP
Eric M. George (SBN 166403)
egeorge@bwgfirm.com
Michael A. Bowse (SBN 189659)
mbowse@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Tel: 310.274.7100 -- Facsimile: 310.275.5697

Attorneys for Objector
Trafelet & Company, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JIM BROWN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRETT C. BREWER, et al.,<br><br>Defendants. | Case No. 2:06-cv-03731-GHK-SH<br><br><u>CLASS ACTION</u><br><br>**DECLARATION OF JEFF FABER IN SUPPORT OF APPLICATION FOR LEAVE TO FILE MOTION TO INTERVNENE**<br><br>DATE: May 16, 2011<br>TIME: 9:30 a.m.<br>CTRM: 650<br><br>Hon. George H. King |

1
DECLARATION OF JEFF FABER IN SUPPORT OF APPLICATION
FOR LEAVE TO FILE MOTION TO INTERVENE

I, Jeff Faber, declare as follows:

1. I make this declaration of my own personal knowledge, and if called to testify, I could and would competently testify hereto under oath.

2. I am the Chief Financial Officer of Trafelet & Company, LLC ("Trafelet").

3. Trafelet made substantial investment in Intermix Media, Inc. ("Intermix") because it believed that the company was substantially undervalued due to, among other things, its investment in MySpace. As of July 18, 2005, Trafelet held over 3.5 million shares (approximately 10%) of the common stock of Intermix. On that date there was a public announcement of The News Corporation's ("News Corp.") acquisition of Intermix for $12.00 per share.

4. Thereafter, because the approval of the merger was a foregone conclusion due to the support of Intermix's majority shareholders, although it believed that the merger consideration was woefully insufficient, Trafelet, and other frustrated institutional investors, sold a substantial portion of its shares in the open market prior to September 30, 2005 for prices near, but typically less than, $12.00.

5. In July, 2010, I learned that a class action had been filed concerning the acquisition of Intermix, which asserted securities violations and other claims against certain individuals and institutions with respect to the transaction and the Proxy Statement that had been disseminated to common stockholders. At all times, Trafelet believed that it was part of the class in the action. Indeed, the Class defined in the operative pleadings included Trafelet, since it was a substantial shareholder of Intermix during the expressly identified Class Period. *See, e.g.,* Consolidated Second Amended Complaint (Doc. 89), ¶ 27 (defining class as "holders of Intermix common stock during the Relevant Period …," (footnote 4 on page 2 of the Complaint defines the Relevant Period as December 30, 2003 through September 30, 2005)). Likewise, the Class certified by the Court's orders dated May 29, 2009 and June 22, 2009,

expressly included Trafelet's shares in the class definition. *See, e.g.*, Civil Minutes dated June 22, 2009 (Doc. No. 197) (certifying class defined as "All holders of Intermix Media, Inc. ("Intermix" or the "Company") common stock, from July 18, 2005 through the consummation of the sale of Intermix to News Corporation ("News Corp") at the price of $12.00 per share on September 30, 2005 (the "Acquisition"), who were harmed by defendants' improper conduct at issue in the litigation" and *rejecting* Defendants' request to limit class to shares held continuously through September 30, 2005).

6. Recently, I learned that the claims asserted in the action had been settled.

7. Because Trafelet believed that the proposed settlement was deficient, on April 21, 2011, I signed a letter objection on Trafelet's behalf, along with a notice of intent to appear at the fairness hearing (either personally, or through counsel), with this Court. *See* Ex. A hereto. Among other reasons, the objection states that the settlement should not be approved in its current form because the settlement consideration is too low in view of the damages to the Class and the strength of the case, and because the lead plaintiff did not have a sufficient economic stake in the litigation to properly evaluate the settlement (he is applying for an incentive award that is nearly 20 times what he would receive in the proposed settlement). *See id.*

8. On May 2, 2011, Lead Counsel filed a Reply Memorandum (the "Reply") that, in part, responded to the Trafelet objection. In the Reply, Lead Counsel claimed that Trafelet had underestimated the recovery, because the Class only included "only shares held on July 18, 2005 ... and held *continuously* between that date and September 30, 2005 ..." Reply at 2. This statement substantially heightened my concern regarding the proposed settlement, as Lead Counsel was now contending that Trafelet and other similarly situated investors were no longer part of the Class, an thus, ineligible to participate in the settlement.

9. Upon further review, this statement by Lead Counsel revealed a very

problematic error in the Notice of Settlement issued in February. Although (1) the pleadings at issue in this action described a class of all Intermix shareholders between July 18, 2005 and September 30, 2005, (2) the Court certified a class consisting of those same shares and expressly *rejected* Defendants' effort to narrow the class to shareholders who owned stock continuously during that period, and (3) the settlement agreement purports to resolve the claims of those same shareholders, the Settlement Notice identifies a much narrower class as participants in the settlement.

10. Thus, Paragraph 10 if the Settlement Notice provides:

The Class consists of **_holders of Intermix common stock continuously from July 18, 2005 through the consummation of the sale of Intermix to News Corp. at the price of $12.00 per share on September 30, 2005, and who were damaged thereby, except those Persons and entities that are excluded, as described below._**

(emphasis in original).

11. Because of this critical error in the Settlement Notice, it is highly likely that members of the certified class whose claims will be barred as a result of the settlement are unaware of the impact of the settlement on their claims (as even Lead Counsel seems to be) and, indeed, it is possible that this error in the Notice caused many of them to not receive the Notice at all or to not appreciate the true nature of the settlement.

12. This new fact provides an additional basis for Trafelet to object to the proposed settlement and to now seek leave from this Court to permit Trafelet to file a motion to intervene. Moreover, if the Court is not inclined to deny the motion for final approval based upon Trafelet's objections, then Trafelet respectfully requests that the Court decide the motion to intervene prior to rendering its decision on the motion for final approval of the proposed settlement.

13. As set forth above, Trafelet held over 3.5 million shares of Intermix

common stock on July 18, 2005, when the acquisition of Intermix for $12.00 per share was announced. Because the approval of the merger was a foregone conclusion due to the support of Intermix's majority shareholders, although it believed that the merger consideration was insufficient, Trafelet (and other frustrated institutional investors) sold all of its shares in the open market prior to September 30, 2005 for prices near, but typically less than, $12.00.[1]

14. Based on Lead Counsel's recent description of the Class, Trafelet is not eligible to participate in the Settlement for over 3.5 million shares of Intermix common stock that it held on July 18, 2005. If that is true, it would be highly inequitable. The causes of the losses suffered by Trafelet on the shares it held on July 18, 2005, but sold prior to September 30, 2005, are identical to those for the shares retained throughout that period. There is no principled reason for making such a distinction between shareholders. Indeed, this Court refused to make such a distinction when it certified the Class on June 22, 2009.

15. The only readily apparent explanation for any effort to subsequently restrict the participants in the Class would be to permit this action to be settled for a relatively modest sum under the circumstances. Lead Counsel claims that shareholders in their new, more restrictive description of the Class may get as much as $3.25 per share from the settlement. If the Class had been accurately described, it would have included the institutional investors like Trafelet who owned most of the shares included in the original class definition, and the per-share recovery would be substantially lower.

16. Based on the foregoing, in addition to asserting the objections raised by my April 21, 2011 objection letter, I have instructed Trafelet's recently retained counsel in this matter to appear at the fairness hearing and to request leave to file a

---

[1] The objection indicates that Trafelet held over 1.8 million Intermix shares as of September 30, 2005. This figure was inadvertently included in the objection, as it is the number of shares that Trafelet held on March 31, 2005. Trafelet retained no shares as of September 30, 2005.

5

motion to intervene. Counsel has also been instructed to request that the Court set a briefing schedule for the motion and, if the Court is not prepared to deny the motion for final approval based on Trafelet's objections, Counsel is prepared to request that the Court refrain from issuing a ruling on the motion for final approval of the settlement until it rules on the motion to intervene.

17. Trafelet is prepared to promptly file a motion to intervene so that it can participate in the case on behalf of itself and similarly situated shareholders who held Intermix stock on July 18, 2005, but sold that stock prior to September 30, 2005. The rights of these shareholders are at risk for two primary reasons.

    a. First, due to the apparent change in the class definition between the date the Class was certified by the Court and the date of the Settlement Notice (originally including, but then ultimately excluding shareholders like Trafelet) and due to the confusing nature of the Class definition in the Settlement Notice, shareholders who did not hold their stock through September 30, 2005 may be confused (as was (and, to some extent remains) the case for Trafelet) regarding whether they are covered by the settlement, and may not have even received notice of the settlement.

    b. Second, to the extent that there are limited funds to satisfy damage awards (or enter into settlements of other claims), the narrower settlement indicated in the Settlement Notice impermissibly favors the claims of shareholders who held the stock through September 30, 2005 over those who sold the stock after the acquisition announcement but prior to that date, even though both of those groups suffered similar damages as a result of the same misconduct.

18. By permitting Trafelet to intervene, the Court will insure that all shareholders who were damaged by the misconduct that is at issue in this case are represented in the action. It is important that such representation occur prior to the

6

approval of any settlement, as there needs to be full disclosure as to how the Class definition in the Settlement Notice was formulated and the impact of that definition on the effectiveness of the Notice. Thus, the Court should not approve the settlement without a full record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of May, 2011 at Livingston, NJ.

JEFF FABER

# Exhibit A

Case 2:06-cv-03731-GHK-SH Document 342 Filed 05/17/11 Page 9 of 16 Page.ID #:11293

## TRAFELET & COMPANY, LLC

April 21, 2011

Clerk's Office
United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, CA 90012

Dear Sir or Madam:

I am writing to you to exercise our rights as a shareholder and Class Member of Intermix under the Settlement Agreement.

We object to the current settlement proposal for the following reasons:

i) The settlement price is too low when compared to those calculated by the 3rd party damages expert hired by Class Counsel, who has reported damages between $506 and $667 million.

The $30 million dollar net settlement is a mere $0.059 per dollar of damages which seems materially below what a fair settlement amount would be when considering that the defendants have sufficient capital to pay 100% of the damages amount if the case were to go to trial.

The settlement also does not appear to take into account the dismissed summary judgment attempt of defendants or the favorable June 2010 ruling by Judge King.

ii) The settlement also is unfair because several claims have been omitted to date from being entered by Class Counsel which would make the current settlement offer more inadequate. These include the fact that Intermix was deprived of closing a Search Engine Partnership with Google prior to the shareholder vote and that Intermix failed to purchase 100% of MySpace prior to the shareholder vote, likely breaching the Myspace Stockholder Agreement and the Merger Agreement.

Furthermore, Class Counsel has not filed any summary judgment motions for the many Proxy 14A violations that exist and can be readily proven to the court.

EXHIBIT A

## TRAFELET & COMPANY, LLC

iii) The current lead plaintiff owned only 1,000 shares and is, according to the settlement, to receive $10,000 or an amount allowing him to receive $10.00 per share in fees while providing shareholders with approximately $0.50 per share in settlement monies.

Therefore, we believe a new lead plaintiff should be nominated has a clear economic incentive to represent the rest of shareholders. Currently, class counsel has a lead plaintiff whose economic upside on their owned shares from a settlement is inadequate compared to the materially greater monies paid to the lead plaintiff by the Class counsel.

The shareholders have therefore not been properly represented by class counsel to date, and the economic settlement results reflect this.

Finally, please accept this Notice of Intention to Appear in Brown v. Brewer, No. 2:06-cv-03731-GHK-SH or to have counsel appear to speak at the hearing that represents our interests.

Best Regards,

*[signature]*

Jeff Faber, Chief Financial Officer
Trafelet & Company, LLC
590 Madison Avenue, 26th Floor
New York, NY 10022
212-201-7800
Shares held as of date of shareholder meeting on September 30, 2005: 1,872,400

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067; email: khall@bwgfirm.com .

On May 15, 2011, I served the foregoing document described as: **DECLARATION OF JEFF FABER IN SUPPORT OF APPLICATION FOR LEAE TO FILE MOTION TO INTERVENE** on the parties in this action by serving:

SEE THE ATTACHED SERVICE LIST

☒ **By serving** ☐ the original ☒ a true copy thereof:

☐ **By Mail** enclosed in sealed envelopes addressed as above and delivering such envelopes by mail. As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **By Personal Service** enclosed in sealed envelopes addressed as above. I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐ **By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express box at 2121 Avenue of the Stars, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

☐ **By Facsimile Transmission**: On _____ at _____ p.m., I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-275-5697, to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

☒ **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, on May 15, 2011 at approximately 3:05 p.m., I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on May 15, 2011, at Los Angeles, California.

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Kathy Hall

279980_1.DOC

## SERVICE LIST

**For Plaintiffs**

Christy W. Goodman
Law Offices of Christy Goodman
3327 Dumas Street
San Diego, California 92106
c.w.goodman@sbcglobal.net;

Darren J. Robbins
David T. Wissbroecker
Randall J. Baron
Ellen Ann Gusikoff Stewart
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101
E_file_sd@rgrdlaw.com;
dwissbroecker@rgrdlaw.com;
randyb@rgrdlaw.com;
elleng@rgrdlaw.com

Ramzi Abadou
Barroway Topaz Kessler Meltzer & Check, LLP
580 California Street, Suite 1750
San Francisco, CA 94104
rabadou@btkmc.com;

Stephen J. Oddo
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

Laurence M. Rosen
The Rosen Law Firm PA
333 South Grand Avenue, 25th Floor
Los Angeles, California 90071
lrosen@rosenlegal.com;

**For Defendants**

Bety Javidzad
Elizabeth A. Moriarty
Julie A. Shepard
Richard Lee Stone
Asheley G. Dean
Hogan Lovells US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Bety.javidzad@hoganlovells.com;
Elizabeth.moriarty@hoganlovells.com;
Julie.shepard@hoganlovells.com;
Richard.stone@hoganlovells.com;
Asheley.dean@hoganlovells.com;

279980_1.DOC

| | |
|---|---|
| 1 | |
| 2 | James N. Kramer<br>Stephen M. Knaster |
| 3 | Erin Bansal<br>Teodora Manolova |
| 4 | Amy A. Laughlin<br>Orrick Herrington and Sutcliffe |
| 5 | 405 Howard Street<br>San Francisco, CA 94105 |
| 6 | jkramer@orrick.com;<br>sknaster@orrick.com; |
| 7 | ebansal@orrick.com;<br>tmanolova@orrick.com; |
| 8 | alaughlin@orrick.com; |
| 9 | Pamela S. Palmer<br>Latham & Watkins LLP |
| 10 | 650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626 |
| 11 | Pamela.palmer@lw.com; |
| 12 | Rebecca M. Couto<br>MALDEF |
| 13 | 110 Broadway Street, Suite 300<br>San Antonio, TX 78205 |
| 14 | rebeccamcouto@gmail.com; |
| 15 | **For Movants** |
| 16 | George A. Shohet |
| 17 | George A. Shohet Law Offices<br>245 Main Street, Suite 310 |
| 18 | Venice, CA 90291<br>georgeshohet@gmail.com; |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

279980_1.DOC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067; email: khall@bwgfirm.com .

On May 15, 2011, I served the foregoing document described as: **DECLARATION OF JEFF FABER IN SUPPORT OF APPLICATION FOR LEAE TO FILE MOTION TO INTERVENE** on the parties in this action by serving:

SEE THE ATTACHED SERVICE LIST

☒ **By serving** ☐ the original ☒ a true copy thereof:

☒ **By Mail** enclosed in sealed envelopes addressed as above and delivering such envelopes by mail. As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **By Personal Service** enclosed in sealed envelopes addressed as above. I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐ **By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express box at 2121 Avenue of the Stars, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

☐ **By Facsimile Transmission**: On _____ at _____ p.m., I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-275-5697, to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

☐ **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, on _____ at approximately _____ p.m., I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on May 15, 2011, at Los Angeles, California.

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Kathy Hall

279980_1.DOC

**SERVICE LIST**

**For Plaintiffs**

Stephen J. Oddo
Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101

**For Defendants**

Erin Bansal
Orrick Herrington and Sutcliffe
405 Howard Street
San Francisco, CA 94105

279980_1.DOC