E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-3731-GHK (SHx) | | Date | September 29, 2011 |
|---|---|---|---|---|
| Title | *Jim Brown, et al. v. Brett C. Brewer, et al.* | | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Joint Brief Regarding Trafelet's Oral Objection to the Proposed Settlement; **[348]**

At the settlement hearing on May 16, 2011 ("Settlement Hearing"), purported Class Member Trafelet & Company LLC ("Trafelet") raised two new substantive issues: (1) whether a person or entity that was a holder of Intermix stock on July 18, 2005, but who sold stock before September 30, 2005, was a member of the certified class ("Class"), and if so (2) whether Trafelet should be entitled to share in the Settlement Fund.  We ordered the Parties to meet and confer as to these issues, and to submit a joint brief if the issues remained unresolved.

We have reviewed the Parties' Joint Brief Regarding Trafelet's Objection.  It appears that the Parties now agree that Trafelet and all other persons who held Intermix stock at any time between July 18, 2005, and September 30, 2005, are members of the Class.  Moreover, the Parties agree that pursuant to the Amended Stipulation re: Settlement, all members of the Class, including Trafelet and other shareholders who held stock on July 18 but sold before September 30 ("Selling Members"), are releasing all claims that were or could have been brought in this action.  Additionally, the Parties agree that the Selling Members will receive no proceeds under the current Plan of Allocation.  Therefore, of the two issues raised at the Settlement Hearing, only the second – the right to share in the proceeds of the settlement fund – remains outstanding.  To resolve this issue we must first determine whether Trafelet timely filed its objection.  If its objection was timely filed, we must determine whether that objection should be granted on the merits.

## I.     The Timeliness of Trafelet's Objection

We approved a detailed procedure for filing timely objections, which was provided to the Class in the Notice of Settlement ("Notice").  Plaintiff argues that, while Trafelet initially filed an objection by the April 21, 2011 deadline wherein it also stated its intention to appear at the Settlement Hearing ("Letter of Intention"), the objection Trafelet raised at the Settlement Hearing should be considered untimely because it differs from the objection Trafelet raised in its Letter of Intention.  Thus, the issue is

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (SHx) | Date | September 29, 2011 |
|---|---|---|---|
| Title | *Jim Brown, et al. v. Brett C. Brewer, et al.* | | |

whether the Notice makes clear that when one objects in person at the Settlement Hearing he is confined to any objections raised in his Letter of Intention.  Having reviewed the Notice sent to the Class, we cannot say that it is clear that any objections raised at the Settlement Hearing must have been raised in the Letter of Intention.  Accordingly, to err on the side of caution, we choose to entertain Trafelet's objection.[1]  Moreover, even if we were to find the objection foreclosed on procedural grounds, the objection raises fundamental questions as to the fairness of the Settlement and Plan of Allocation, which we have an independent duty to assess.  *See* Fed. R. Civ. P. 23(e)(2) ("If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.").

## II.    The Merits of the Objection

Trafelet objects to the fairness of the Plan of Allocation because it does not provide any share of the proceeds to the Selling Members.  The proponents of any class settlement bear the burden of proof on the issue of fairness.  *See* Fed. R. Civ. P. 23(e)(2)-(3).  Plaintiff asserts that the Plan of Allocation is fair and that it is proper for the Selling Members not to share in the funds because they do not have any viable claims.

The claims in this litigation are based on (a) violations of federal proxy laws, and (b) breach of fiduciary duty under Delaware law.  Trafelet acknowledges that it does not have standing to assert the federal proxy claims because it sold its shares before the shareholder vote on the merger.  *See, e.g.*, *Beebe v. Pac. Realty Trust*, 99 F.R.D. 60, 72 (D. Or. 1983) (holding that sellers could not assert a federal proxy claim "because none of them was a shareholder on the date of the vote").  However, Trafelet maintains that it still has a viable claim based on breach of fiduciary duty.  One of the breach of fiduciary duty claims in this litigation alleges that Defendants acted in bad faith in the auction context under *Revlon, Inc. v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 1986), when they prevented Viacom from submitting a bid for Intermix even though Viacom "as late as July 15, 2005, stood ready to submit a bid for the company." (Dkt. No. 89).  Under this claim, Plaintiff presented a "lost opportunity" theory of damages, whereby Plaintiff argued that because the Defendants took steps to avoid competitive bidding, "Plaintiff and the Class have been damaged in that they have not received their fair portion of the value of Intermix's assets and businesses and have been prevented from obtaining a fair price for their shares." (Dkt. No. 89).  We explicitly left open this theory of damages in our June 17, 2010 Order re: Cross-Motions for Summary Judgment.  (Dkt. No. 278) ("We have no occasion to consider and therefore express no opinion on whether the 'lost opportunity' theory of damages premised on a potential Viacom bid would be viable with respect to the breach of fiduciary

---

[1]Plaintiff also argues that Trafelet did not comply with the approved procedures for objecting because it did not provide proof of ownership of its shares.  However, we note that paragraph 22 of the Notice, which sets forth the procedures for objecting in person at the Settlement Hearing, does not contain a proof of ownership requirement.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (SHx) | | Date | September 29, 2011 |
|---|---|---|---|---|
| Title | *Jim Brown, et al. v. Brett C. Brewer, et al.* | | | |

duty claim which is based on evidence beyond the alleged material omissions in the Proxy.  The Parties have not addressed this issue in their Cross-Motions.").


Plaintiff now argues that – as with the federal proxy claims – the Selling Members do not have standing to assert the *Revlon* claim because they sold their shares before the shareholder vote on the merger.  Plaintiff calls this the "no-recovery-to-persons-who-sell" rule.  While Plaintiff has given this apparent "rule" a catchy name, Plaintiff has not provided any authority to show that such a broad sweeping rule actually exists.  Plaintiff relies on two cases, but neither can be construed reasonably to stand for the broad sweeping proposition that a person who sells shares before a merger can never recover for a breach of fiduciary duty under *Revlon* that occurred before that person sold his shares.


In Plaintiff's first case, *In re Prodigy Commc'n Corp. S'holder Litig.*, No. 19113, 2002 Del. Ch. LEXIS 95 (Del. Ch. July 26, 2002), a class of shareholders brought suit against Prodigy's directors and majority shareholder after Prodigy announced a proposed acquisition of the shareholders' stock.  *Id.* at *4.  Shortly thereafter, the parties reached an agreement to settle the case by increasing the price to be paid in the proposed transaction.  In approving the settlement agreement, the court overruled an objection brought by a shareholder who sold his shares after the litigation was initiated but before the announcement of the proposed settlement.  The objector argued that the settlement was unfair because under it he would not benefit from the increased price.  The court concluded, however, that it was fair to exclude the objector because he sold his shares into a market that implicitly reflected the value of the pending lawsuit.  *Id.* at *12.


The rationale at the center of *Prodigy* does not apply to the Selling Members in the present case because they sold their shares before this litigation was initiated.  Therefore, when the Selling Members sold their shares the market would not have implicitly reflected the value of the claims in this lawsuit.


The only other authority Plaintiff cites for the existence of the so-called "no-recovery-to-persons-who-sell" rule is a statement made by Vice Chancellor Lamb during a hearing in *In re Freeport McMoran Sulphur, Inc. S'holder Litig.*, No. 16629-NC (Del. Ch. Jan. 13, 2005).  In that case, Vice Chancellor Lamb apparently said "[i]t is only the one who is there at the end that has a claim."  *Id.*, Tr. at 11.  Plaintiff has not provided the court with a copy of this hearing transcript nor has Plaintiff given any context to the quoted statement.  Accordingly, we are not prepared to accept this statement as setting forth the "no-recovery-to-persons-who-sell" rule, especially when Plaintiff has provided no other authority suggesting that such a rule exists.


We acknowledge that while there is no clear authority on this issue, at least one case, *Weigand v. Berry Petroleum Co.*, Civ. No. 9316, 1989 WL 146235 (Del. Ch. Dec. 5, 1989), seems to suggest that the Selling Members should have standing to bring the claim for breach of fiduciary duty.  In *Weigand*, the court certified two separate classes when the plaintiffs claimed that the defendant engaged in conduct in breach of its fiduciary duties that depressed the price of the company's stock during the

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3731-GHK (SHx) | Date | September 29, 2011 |
|---|---|---|---|
| Title | *Jim Brown, et al. v. Brett C. Brewer, et al.* | | |

period leading up to a merger.  One class consisted of shareholders who sold before the merger ("Selling Class") and the other consisted of shareholders whose stock was exchanged in the merger ("Holding Class").  It seems unlikely that the Delaware Court of Chancery would have certified the Selling Class if those class members did not have a viable claim due to Plaintiff's purported "no-recovery-to-persons-who-sell" rule.


        Additionally, in Plaintiff's Response to the Court's Order re: Plaintiff's Motion for Class Certification, Plaintiff opposed any modification to the class definition that would have excluded non-continuous owners of Intermix stock. (Dkt. No. 189) ("And while there is some authority for the proposition that § 14(a) classes are limited to shareholders who held on the record date, because the breach of fiduciary duty class is broader, there is no reason to narrow the class definition at this time."). If the Selling Members do not have any viable claims – as Plaintiff now argues – then it would be odd, in the least, that Plaintiff would have fought so hard to include them in the Class in the first place.


        As Plaintiff has not provided sufficient authority supporting its argument that Trafelet and the other Selling Members do not have a viable claim, and *Weigand* at least implies the contrary, we conclude that Plaintiff has not met its burden of demonstrating that the Selling Members have no viable claim as a matter of law.  Therefore, we **REJECT** the settlement insofar as the Plan of Allocation is not fair, adequate, and reasonable as presently constituted because it does not allow the Selling Members to share in the proceeds, but the Settlement Agreement requires them to release their claims.


        The Parties **SHALL** propose a new Plan of Allocation **within thirty (30) days hereof**, and we will consider it at that time.  Even though we conclude that it cannot be said that the Selling Members have no viable claim, we do not purport to suggest the realistic value of any claim they might have in light of any potential difficulties of proof of liability and/or damages.  After reviewing the new plan, we will issue such other orders as may be appropriate.


        **IT IS SO ORDERED.**


|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |