ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
RANDALL J. BARON (150796)
ELLEN GUSIKOFF STEWART (144892)
DAVID T. WISSBROECKER (243867)
EUN JIN LEE (264208)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
elleng@rgrdlaw.com
dwissbroecker@rgrdlaw.com
elee@rgrdlaw.com

Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JIM BROWN, Individually and On Behalf of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRETT C. BREWER, et al., ) <br> ) <br> Defendants. ) <br> ) | No. 2:06-cv-03731-GHK-SH <br> <u>CLASS ACTION</u> <br> OPPOSITION TO MOTION TO INTERVENE <br> DATE: February 27, 2012 <br> TIME: 9:30 a.m. <br> CTRM: The Honorable <br>         George H. King |

684740_1

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 1 |
| | A. Mr. Nelson's Motion to Intervene Is Not Timely | 1 |
| | B. Mr. Nelson Should Not Be Permitted to Intervene as of Right | 2 |
| | C. Mr. Nelson Should Not Be Permitted to Permissively Intervene | 3 |
| | D. The Court Should Strike Any "Evidence" Submitted in Support of the Motion | 4 |
| III. | CONCLUSION | 4 |

Plaintiff Jim Brown respectfully submits this Opposition to the Motion to Intervene filed by purported Class Member James A. Nelson. For the following reasons the motion should be denied in its entirety.

## I. INTRODUCTION

As previously set forth in the Memorandum in Support of Joint Motion to Continue the hearing on this motion, the motion to intervene was filed by James A. Nelson, but it was almost certainly prepared by Brad Greenspan, who, although previously dismissed as a Class Member, nevertheless continues to try to find a way to get back in the case. The motion is virtually identical to the motion to intervene filed by Mr. Greenspan several months ago, which motion was stricken by the Court. As the clock strikes midnight on this case, this motion seeks to restart the clock on a litigation which has already been pending for many years. But even were Mr. Greenspan not involved in this filing, the motion should be denied because it is untimely, and because it fails to meet the requirements for intervention under Rule 24, either of right or permissively. Moreover, should the Court interpret the motion as an objection to the Settlement, it should be denied for failing to meet the requirements for filing objections as detailed in the Revised Notice, *i.e.*, it does not address the Plan of Allocation, but rather seems to address the Settlement itself.

## II. ARGUMENT

### A. Mr. Nelson's Motion to Intervene Is Not Timely

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention. Under Rule 24(a)(2), intervention shall be permitted when the applicant claims an interest which "may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(b)(1)(B), intervention may be allowed in the Court's discretion when the applicant "has a claim or defense that shares with the main action a common question of law or fact," and allowing intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *See also Cohorst v. BRE Props.,*

- 1 -

684740_1

*Inc.*, No. 10cv2666 JM(BGS), 2011 U.S. Dist. LEXIS 87263, at *10-*11 (S.D. Cal. Aug. 5, 2011). Most importantly, however, "[a]n application to intervene, whether as of right or permissive, must be timely." *Id.* at *11. In determining whether a motion for intervention is timely, the court considers three factors: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Id.* at *11-*12 (citations omitted). Most critically, "'[a]ny substantial lapse of time weights heavily against intervention.'" *Id.* at *12 (citation omitted). Mr. Nelson has provided absolutely no evidence that he acted "'as soon as he [knew] or [had] reason to know that his interests might be adversely affected by the outcome of the litigation.'" *Id.* (citation and emphasis omitted). In fact, the truth is quite to the contrary.

Notice of the pendency of this case was first provided to Mr. Nelson in November 2009. He also received the notice of settlement in early 2011. It was not until January 2012, nearly a full year later, that Mr. Nelson filed this motion to intervene, ostensibly because he now believes that the Settlement is somehow deficient or Mr. Brown or Plaintiff's Counsel have not adequately represented the Class. The Settlement has been pending for over a year, and this is the first anyone has heard from Mr. Nelson. As such, the Court should deny the motion as untimely.

**B. Mr. Nelson Should Not Be Permitted to Intervene as of Right**

Even if the Court determines that the motion to intervene was timely made, the Court should deny Mr. Nelson's request to intervene as of right under Rule 24(a). Mr. Nelson could have, but did not, file an objection to this Settlement. He cannot use his failure to object to backdoor his efforts to derail this Settlement. *See Cohorst v. BRE Props., Inc.*, No. 3:10-CV-2666-JM-BGS, 2011 U.S. Dist. LEXIS 87342, at *12 (S.D. Cal. July 19, 2011) ("Other lower courts since *Devlin* [*v. Scardelletti*, 536 U.S. 1, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002)] was decided in 2002 have recognized that where the right to object to the settlement at the Fairness hearing or to opt out of the

settlement exists, intervention is simply unnecessary to protect a putative class member's interests.").[1] Mr. Nelson likewise failed to establish that his rights to raise issues concerning the fairness of the Settlement or the representation of the Class by Jim Brown were not adequately protected by the objection process. *Id.* at *13. *See also Lane v. Facebook, Inc.*, No. C 08-3845 RS, 2009 U.S. Dist. LEXIS 103668, at *4, *20 (N.D. Cal. Oct. 23, 2009).

Because Mr. Nelson could have objected to the adequacy of the Settlement or Jim Brown's or counsel's representation of the Class, but did not do so, permitting him to intervene in this action at this late date would unnecessarily disrupt and further delay these proceedings. Therefore, Mr. Nelson's motion to intervene as of right should be denied.

### C. Mr. Nelson Should Not Be Permitted to Permissively Intervene

The Court should likewise deny Mr. Nelson's motion for permissive intervention. He has not provided sufficient evidence that he possesses "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

When exercising its discretion under the permissive intervention rule, the Court is required to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24(b)(3). Permitting Mr. Nelson, as stalking horse for Mr. Greenspan, to intervene at this late date so he can attempt to inject these proceedings with immaterial and irrelevant arguments will certainly delay distribution of the Net Settlement Fund to the Class. Moreover, because Mr. Greenspan has interests and an agenda which do not match those of the

---

[1] If the Court considers this motion as an objection to the Settlement, it should likewise be overruled, as the Revised Notice is quite clear that the Court will only consider objections to the Plan of Allocation at the March 19, 2012 hearing.

- 3 -

684740_1

Class, this motion to intervene permissively so that he can pursue this agenda should be denied.

### D. The Court Should Strike Any "Evidence" Submitted in Support of the Motion

Mr. Nelson's brief is replete with ramblings and other materials that have been previously stricken by the Court when they were submitted by Mr. Greenspan. The Court should likewise strike these materials as filed by Mr. Nelson. They are simply irrelevant to the motion to intervene, or to this belated "objection" to the Settlement, and are a backdoor attempt to have the Court consider materials it has already stricken.

## III. CONCLUSION

The Court should deny the motion to intervene filed by James A. Nelson. Not only is the motion untimely, but there is absolutely no reason to find that the Settlement is anything other than an excellent result for the Class under the circumstances, or that Jim Brown and Plaintiff's Counsel have not adequately represented the Class, or that Mr. Nelson would better represent the interests of the Class.

DATED: February 13, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
RANDALL J. BARON
ELLEN GUSIKOFF STEWART
DAVID T. WISSBROECKER
EUN JIN LEE

    s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

- 4 -

684740_1

| | |
|---|---|
| 1 | |
| 2 | LAW OFFICES OF CHRISTY GOODMAN |
| 3 | CHRISTY W. GOODMAN<br>3327 Dumas Street |
| 4 | San Diego, CA 92106<br>Telephone: 619/793-8259 |
| 5 | 619/758-0635 (fax) |
| 6 | Attorneys for Plaintiff |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

684740_1

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 13, 2012.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: elleng@rgrdlaw.com

# Mailing Information for a Case 2:06-cv-03731-GHK-SH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall J Baron**
  randyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael A Bowse**
  mbowse@bgrfirm.com,khall@bgrfirm.com

- **Rebecca M Couto**
  rebeccamcouto@gmail.com

- **Asheley G Dean**
  asheley.dean@hoganlovells.com,mae.chester@hoganlovells.com,LA-Docketing@hoganlovells.com,LA-Records@hoganlovells.com

- **Eric M George**
  egeorge@bgrfirm.com,cbonilla@bgrfirm.com

- **Christy W Goodman**
  c.w.goodman@sbcglobal.net

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Allan Edward Herzlich**
  allan@herzlich-blum.com

- **Bety Javidzad**
  bety.javidzad@hoganlovells.com,LA-Docketing@hoganlovells.com

- **Stephen M Knaster**
  sknaster@orrick.com

- **James N Kramer**
  jkramer@orrick.com,jthompson@orrick.com

- **Amy A Laughlin**
  alaughlin@orrick.com

- **Teodora Manolova**
  tmanolova@goodwinprocter.com

- **Elizabeth A Moriarty**
  elizabeth.moriarty@hoganlovells.com,bea.goncalves@hoganlovells.com,cmelias@hhlaw.com

7

- **Stephen J Oddo**
  soddo@robbinsumeda.com

- **Pamela S Palmer**
  pamela.palmer@lw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Julie A Shepard**
  jshepard@jenner.com

- **George A Shohet**
  georgeshohet@gmail.com

- **Richard Lee Stone**
  rstone@jenner.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **David T Wissbroecker**
  dwissbroecker@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Erin Bansal
Orrick Herrington and Sutcliffe
405 Howard Street
San Francisco, CA 94105

Jerome J Blum
Herzlich and Blum
15760 Ventura Blvd
Suite 2024
Encino, CA 91436-3095

Brad Greenspan
264 South La Cienega    Suite 1016
Beverly Hills, CA 90211

James A Nelson
8306 GrandView Drive
Hollywood, CA 90046-1918
```

8