JS-6

FILED
CLERK, U.S. DISTRICT COURT
MAR 19 2012
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
RANDALL J. BARON (150796)
ELLEN GUSIKOFF STEWART (144892)
DAVID T. WISSBROECKER (243867)
EUN JIN LEE (264208)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
elleng@rgrdlaw.com
dwissbroecker@rgrdlaw.com
elee@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JIM BROWN, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>BRETT C. BREWER, et al.,<br><br>  Defendants. | No. 2:06-cv-03731-GHK-SH<br><br>**CLASS ACTION**<br><br>[PROPOSED] JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE, ORDER APPROVING REVISED PLAN OF ALLOCATION AND ORDER AWARDING ATTORNEYS' FEES AND EXPENSES<br><br>DATE:  March 19, 2012<br>TIME:  9:30 a.m.<br>CTRM:  The Honorable George H. King |

675304_2

This matter came before the Court on March 19, 2012 on the application of the Parties to determine (i) whether the terms and conditions of the Amended Stipulation of Settlement dated February 4, 2011 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiff against defendants Brett Brewer, Daniel Mosher, Lawrence Moreau, David Carlick, Andrew Sheehan, Richard Rosenblatt, James Quandt, and William Woodward in the above-captioned class action (the "Action"), and should be approved; (ii) whether judgment should be entered: (a) dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all Persons who are Members of the Class herein who have not validly requested exclusion therefrom, and (b) releasing any and all Settled Claims (including any Unknown Claims) as against all Released Persons, and (c) releasing any and all Released Persons' Claims (including any Unknown Claims) as against Plaintiff, Class Members and their attorneys; (iii) whether to approve the Revised Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Class; and (iv) whether and in what amount to award attorneys' fees and expenses to Plaintiff's Lead Counsel and an award of expenses to Plaintiff for his time and expenses in representing the Class. The Court having considered all matters submitted to it and having heard the arguments of the Parties; and it appearing that notice of the Settlement Hearing and the Revised Plan of Allocation, substantially in the form approved by the Court, were mailed to all Persons reasonably identifiable, as shown by the records of Intermix's transfer agent, at the respective addresses set forth in such records, who held Intermix common stock at any time from July 18, 2005 through and including September 30, 2005.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of Plaintiff's motions and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Notice of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the terms and conditions of the proposed Settlement were in full compliance with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

4. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Persons who are Class Members, advising them of the Settlement, the releases, the Plan of Allocation, the Revised Plan of Allocation, and Plaintiff's Lead Counsel's intent to apply for attorneys' fees and expenses associated with the Action and reimbursement of Plaintiff's time and expenses incurred in the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all Persons who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members, other than those who timely and validly excluded themselves in accordance with the Notice of Pendency of Class Action mailed to former Intermix shareholders in November and December 2009 (*see* Exhibit A hereto), are bound by this Judgment.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including Plaintiff. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the

Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to perform the terms of the Stipulation.

6. The complaints, which the Court finds were filed on a good faith basis in accordance with the federal law based upon all publicly available information, are hereby dismissed with prejudice as against the Defendants and without costs except for the payments expressly provided for in the Stipulation.

7. Upon the Effective Date, Plaintiff and the other Members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, are forever enjoined and barred from prosecuting any and all Settled Claims (including any Unknown Claims) against any Released Person. The Settled Claims are hereby released, waived, discharged, settled, relinquished, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

8. Upon the Effective Date, Defendants and each of the other Released Persons, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns, are forever enjoined and barred from prosecuting any and all Released Persons' Claims (including any Unknown Claims) against Plaintiff, the other Class Members and their attorneys. The Released Persons' Claims are hereby released, waived, discharged, settled, relinquished, and dismissed on the merits and with prejudice as against Plaintiff, the other Class Members and their attorneys by virtue of the proceedings herein and this Judgment.

9. Neither this Judgment nor the Stipulation, nor any of its terms and provisions, nor any of the negotiations, discussions or proceedings connected with it, nor any of the documents or statements referred to therein, shall be: (a) deemed or constitute a presumption, concession or an admission by any Party of any fault, liability or wrongdoing by any of them, or interpreted, construed, deemed, offered or received in evidence or otherwise used by any Person in the Action or in any other

action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of this Judgment and the Stipulation; or (b) construed against any of the Released Persons, the Plaintiff or any other Class Member as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (c) construed against Plaintiff or any other Class Member as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Amount. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, (a) over implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award of distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Judgment; (e) enforcing and administering the Stipulation, including any releases executed in connection therewith, and the Supplemental Agreement; and (f) other matters related or ancillary to the foregoing.

11. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Plaintiff's Counsel shall have any right to any portion of or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

12. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any

675304_2

- 4 -

portion thereof, is returned to Defendants (or such person or entity responsible for funding the Settlement Amount), and such amount is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall immediately be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Parties shall be deemed to have reverted to their respective status in this Action as of October 21, 2010; and (c) the Settlement Fund (including accrued interest), less Taxes and less expenses and any costs which have either been disbursed or incurred as Notice and Administration Costs, plus any amount of Court-awarded attorneys' fees and expenses paid to Plaintiff's Counsel, shall be refunded by Plaintiff's Lead Counsel pursuant to written instructions from Defendants' Counsel as provided in the Stipulation.

13. Without further Order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. The Court finds for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

15. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice of the Plan of Allocation and the Revised Plan of Allocation was directed to all Persons who are Class Members, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation and the Revised Plan of Allocation.

17. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Revised Plan of Allocation and Revised Proof of Claim and Release ("Revised Notice") sent to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members, with due consideration having been given to administrative convenience and necessity.

18. The Court hereby finds and concludes that the Revised Plan of Allocation set forth in the Revised Notice is in all respects fair and reasonable and the Court hereby approves the Revised Plan of Allocation.

19. The Court hereby awards Plaintiff's Lead Counsel attorneys' fees of 27% of the Settlement Fund, plus expenses in the amount of $851,286.91 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).

20. The fees shall be allocated among Plaintiff's Counsel by Plaintiff's Lead Counsel in a manner that reflects each such counsel's contribution to the institution, prosecution, and resolution of the captioned action.

21. The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Plaintiff's Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular ¶8.2 thereof which terms, conditions, and obligations are incorporated herein.

22. The Court awards Plaintiff Jim Brown the sum of $10,000 for his time and expenses in representing the Class.

IT IS SO ORDERED.

DATED: 3/19/12

_____
THE HONORABLE GEORGE H. KING
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

Jim Brown v. Brett Brewer, et al.
c/o Gilardi & Co.

*INTRMX-EXCL00001*

INTRMX-1001821-9 3
DO NOT MARK THIS BARCODE
250

RICHARD WYNNE &
EVELYN M WYNNE



RECEIVED TS
DEC 2 8 2009
CLAIMS CENTER

First-Class Mail
U.S. Postage
PAID
Gilardi & Co.

PRESORTED

COPY

INTRMX

Requests for Exclusion
Re: Jim Brown Plaintiff V Brett V Brewer et Al
I Richard Wynne and my spouse Evelyn M. Wynne residing at ████████ do hereby request exclusion from the class. We do not have a record of the number of Intermix shares held from July 18th, 2005 through Sept. 30th 2005.

Richard Wynne
Evelyn M. Wynne

8

Jim Brown v. Brett Brewer, et al.
c/o Gilardi & Co.
P.O. Box 808061
Petaluma, CA 94975-8061

First-Class Mail
U.S. Postage
PAID
Gilardi & Co.

Important Legal Document.

INTRMX-1001921-9 3
DO NOT MARK THIS BARCODE
250

RICHARD WYNNE &
EVELYN M WYNNE

PRESORTED

INTRMX-

Requests for Exclusion
Re: Jim Brown Plaintiff V Brett V Brewer et Al
I Richard Wynne and my spouse Evelyn M. Wynne
residing at ███████████
do hereby request exclusion from the Class.
We do not have a record of the number
of Intermix shares held from July 18th, 2005
through Sept. 30th 2005.

Richard Wynne
Evelyn M. Wynne

9



Jim Brown v. Brett Brunner, et al.
C/O Gilardi & Co
P.O. Box 808061
Petaluma, CA 94975-8061

RECEIVED
DEC 28 2009
CLAIMS CENTER

Exclusion
In Trust

10



*INTRMX-EXCL80001*

1/3/10
RECEIVED
JAN 11 2010
CLAIMS CENT[ER]

v. Brett Brewer et al

CC

- Timothy Edward Winn



- I request exclusion from the Class

- 300 shares of Intermix

*Timothy E. Winn* (signature)

11

1/31/10

- Jim Brown v. Brett Brewer et al

- Timothy Edward Winn



- I request exclusion from the Class

- 300 shares of Intermix

*Timothy E. Winn*

12



SAINT PAUL MN 550
05 JAN 2010 PM 5 T

Jim Brown J. Brett Brewer et al
c/o Gilardi & Co.
P.O. Box 806061
Petaluma, CA 94975-8061

RECEIVED TS
JAN 11 2010
CLAIMS CENTER



T. Winn

13

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 5, 2012.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:    elleng@rgrdlaw.com

14

# Mailing Information for a Case 2:06-cv-03731-GHK-SH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randall J Baron**
  randyb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael A Bowse**
  mbowse@bgrfirm.com,khall@bgrfirm.com

- **Rebecca M Couto**
  rebeccamcouto@gmail.com

- **Asheley G Dean**
  asheley.dean@hoganlovells.com,mae.chester@hoganlovells.com,LA-Docketing@hoganlovells.com,LA-Records@hoganlovells.com

- **Eric M George**
  egeorge@bgrfirm.com,cbonilla@bgrfirm.com

- **Christy W Goodman**
  c.w.goodman@sbcglobal.net

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Allan Edward Herzlich**
  allan@herzlich-blum.com

- **Bety Javidzad**
  bety.javidzad@hoganlovells.com,LA-Docketing@hoganlovells.com

- **Stephen M Knaster**
  sknaster@orrick.com

- **James N Kramer**
  jkramer@orrick.com,jthompson@orrick.com

- **Amy A Laughlin**
  alaughlin@orrick.com

- **Teodora Manolova**
  tmanolova@goodwinprocter.com

- **Elizabeth A Moriarty**
  elizabeth.moriarty@hoganlovells.com,bea.goncalves@hoganlovells.com,cmelias@hhlaw.com

/5

- **Stephen J Oddo**
  soddo@robbinsumeda.com

- **Pamela S Palmer**
  pamela.palmer@lw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Julie A Shepard**
  jshepard@jenner.com

- **George A Shohet**
  georgeshohet@gmail.com

- **Richard Lee Stone**
  rstone@jenner.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **David T Wissbroecker**
  dwissbroecker@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Erin Bansal
Orrick Herrington and Sutcliffe
405 Howard Street
San Francisco, CA 94105

Jerome J Blum
Herzlich and Blum
15760 Ventura Blvd
Suite 2024
Encino, CA 91436-3095

Brad Greenspan
264 South La Cienega    Suite 1016
Beverly Hills, CA 90211

Cathy Elliott Jones
Jones and Briggs
307 East Matilija Street, Suite G
P O Box 59
Ojai, CA 93024

James A Nelson
8306 GrandView Drive
Hollywood, CA 90046-1918
```

16

https://ecf.cacd.uscourts.gov/cgi-bin/MailList.pl?675220644302921-L_555_0-1         3/2/2012