ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS (168593)
RANDALL J. BARON (150796)
ELLEN GUSIKOFF STEWART (144892)
DAVID T. WISSBROECKER (243867)
EUN JIN LEE (264208)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
elleng@rgrdlaw.com
dwissbroecker@rgrdlaw.com
elee@rgrdlaw.com

Lead Counsel for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
DEC - 3 2012
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

cc: Fiscal

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JIM BROWN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

BRETT C. BREWER, et al.,

Defendants.

No. 2:06-cv-03731-GHK-SH

CLASS ACTION

[PROPOSED] ORDER AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND

DATE: Submitted Matter
TIME: Submitted Matter
CTRM: The Honorable George H. King

WHEREAS, by its Judgment and Order of Dismissal with Prejudice, Order Approving Revised Plan of Allocation and Order Awarding Attorneys' Fees and Expenses dated March 19, 2012, this Court approved the terms of the Amended Stipulation of Settlement dated February 4, 2011 (the "Stipulation") and the Revised Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court has directed the parties to consummate the terms of the Stipulation and the Revised Plan of Allocation; and

WHEREAS, the $45,000,000 cash settlement proceeds have been deposited by or on behalf of the Defendants into an interest-bearing escrow account established by Plaintiff's Lead Counsel, on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Revised Plan of Allocation and Revised Proof of Claim and Release (the "Revised Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") in order to participate in the distribution of the Net Settlement Fund was March 15, 2012; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected, or to contest the determination as to the deficiency, by requesting a further review of their claim; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Plaintiff's Lead Counsel now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses approved by this Order or previously approved by the Court (the "Net Settlement Fund"); and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with

the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading: (1) the Affidavit of Lara McDermott of Claims Administrator Gilardi & Co. LLC in Support of Motion for Class Distribution Order (the "McDermott Affidavit") of Gilardi & Co. LLC ("Gilardi"); and (2) the Declaration of Ellen Gusikoff Stewart in Support of Plaintiff's Motion for Distribution of Net Settlement Fund, of Robbins Geller Rudman & Dowd LLP, counsel for Plaintiff and the Class; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of Gilardi accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the McDermott Affidavit, calculated pursuant to the Court-approved Revised Plan of Allocation set forth in the Revised Notice, including claims submitted after the March 15, 2012 claims filing deadline, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of Gilardi rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the McDermott Affidavit, under the Court-approved Revised Plan of Allocation, be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in escrow, if any; and it is further

ORDERED, that Gilardi be paid the sum of $68,942.98 from the Settlement Fund as payment for the balance of its fees and expenses incurred and to be incurred in connection with the administration of the Settlement and the disbursement of the Net Settlement Fund; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Claimants listed on the computer printout submitted with the McDermott Affidavit pursuant to the Court-approved Revised Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all accepted claimants as shown on such computer printout; and it is further

ORDERED, that the checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Plaintiff's Lead Counsel and Gilardi are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that one (1) year after the initial distribution, any funds remaining in the Net Settlement Fund by reason of uncashed checks or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members who have cashed their checks and who would receive at least $20.00 from such re-distribution, if such re-distribution is determined to be economically feasible. If after six (6) months after such re-distribution, if taken, any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiff's Lead Counsel; and it is further

~~ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Revised Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or~~

~~taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Persons beyond the amount allocated to them pursuant to this Order; and it is further~~

ORDERED, that Gilardi is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after distribution of the Net Settlement Fund to the eligible claimants and electronic copies of the same not less than ~~three (3)~~ five (5) years after distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

ORDERED, that claims submitted after August 27, 2012, may not be accepted for any reason whatsoever.

DATED: 12/3, 2012

THE HONORABLE GEORGE H. KING
Chief UNITED STATES DISTRICT JUDGE



760865_1